The PEOPLE of the State of Colorado, ex rel. Duane WOODARD, Attorney General of the State of Colorado, Petitioners,

v.

The DISTRICT COURT FOR the SECOND JUDICIAL DISTRICT, In the CITY AND COUNTY OF DENVER, State of Colorado; Honorable Raymond Dean Jones, Judge; Valas Stores, Inc., d/b/a Valas TV and Stereo, Respondents.

No. 84SA534.

Supreme Court of Colorado, En Banc.

Aug. 19, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Garth C. Lucero, First Asst. Atty. Gen., Enforcement Section, Denver, for petitioners.

Shelia H. Meer, P.C., Shelia H. Meer, Denver, for respondents.

ERICKSON, Justice.

We issued a rule to show cause in an original proceeding after the district court disqualified the attorney general's office from prosecuting a claim for injunctive relief under the Colorado Consumer Protection Act. § 6-1-101 to -114, 2 C.R.S. (1973 & 1984 Supp.). The complaint asserts that Valas Stores, Inc., d/b/a Valas TV and Stereo (Valas), violated the Colorado Consumer Protection Act by engaging in numerous and repeated deceptive advertising and sales practices. The district court granted the respondent's motion to disqualify the Attorney General and his staff as legal counsel because attorneys within that office would or should be witnesses, thereby violating the *Code of Professional Responsibility*, DR 5-102(A). We now make the rule to show cause absolute.

An investigation of Valas for violation of the Consumer Protection Act centered on certain sales practices and advertisements used by Valas. Defense discovery established that a letter (Exhibit 4) asserting "bait and switch" practices carried out by Valas was sent to the attorney general's office and stamped as received by the Office of Consumer Affairs on October 5, 1981. The letter also bore a later date stamp (October 27, 1981) by the Rocky Mountain Better Business Bureau. Exhibit 5 is a letter from the lawyer for Valas to an assistant attorney general answering some of the complaints set forth in Exhibit 4. That letter again was in the possession of the Better Business Bureau and bore another set of date stamps indicating receipt by the attorney general's office and then by the Better Business Bureau.

Section 6-1-111(2), 2 C.R.S. (1984 Supp.), states:

[T]he attorney general ... shall not make public the name of any person alleged to have committed a deceptive trade practice during any investigation conducted by him under this article, nor shall the records of investigations or intelligence information of the attorney general ... obtained under this article be deemed public records available for inspection by the general public....

Based upon the two letter exhibits, the district court concluded that the attorney general's office and the lawyers in charge of the investigation could be impeached at the time of trial with Exhibits 4 and 5. The court relied on DR 5-102(A), which provides that:

If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial....

The district court properly noted that litigation strategy and the witnesses to be called was a matter to be determined by trial counsel, but nevertheless concluded that the attorney general's assistants who conducted the investigation ought to testify to explain the apparent violation of section 6-1-111(2), 2 C.R.S. (1984 Supp.). *See United States v. Blackhawk Heating and Plumbing Co., Inc.*, 423 F.Supp. 486 (S.D. N.Y.1976); *Greenebaum-Mountain Mortgage Company v. Pioneer National Title Insurance Co.*, 421 F.Supp. 1348 (D.Colo. 1976). The district court concluded that since some person in the attorney general's office ought to be called as a witness on behalf of the attorney general, the entire attorney general's office should be disqualified under DR 5-102(A). An order disqualifying the attorney general's office was accordingly entered. This original proceeding in the nature of mandamus followed.

■ Disqualification in this case must arise out of a violation of either DR 5-102(A) or DR 5-102(B).[1] *People v. Garcia,*

---

1. DR 5-102(A) and (B) provide:
    (A) If, after undertaking employment in contemplated or pending litigation, a lawyer

learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from

698 P.2d 801 (Colo.1985). Counsel cannot be disqualified on the basis of speculation or conjecture, and disqualification can only occur after facts have been alleged which show a potential violation of the disciplinary rule. *See Brotherhood Railway Carmen v. Delpro Company*, 549 F.Supp. 780 (D.Del.1982); *Rice v. Baron*, 456 F.Supp. 1361 (S.D.N.Y.1978). The burden of establishing the grounds for disqualification is on the moving party. *Field v. Freedman*, 527 F.Supp. 935 (D.Kan.1981). *U.A.W. v. National Caucus of Labor Committee*, 466 F.Supp. 564 (S.D.N.Y.1979), *aff'd*, 607 F.2d 966, *cert. denied*, 444 U.S. 839, 100 S.Ct. 77, 62 L.Ed.2d 51 (1979). The motion to disqualify must set forth specific facts which point to a clear danger that either prejudices counsel's client or his adversary. *Society for Good Will to Retarded Children, Inc. v. Carey*, 466 F.Supp. 722 (E.D. N.Y.1979).

■ In this case, the motion to disqualify is void of any specific facts and is supported only by the conclusion that certain assistant attorneys general ought to be called as witnesses to establish the allegations made in the complaint by the attorney general.

■ Under DR 5–102(B) the party seeking disqualification must show that the testimony to be elicited from his adversary will be prejudicial to the latter's clients. *Kroungold v. Triester*, 521 F.2d 763 (3rd Cir.1975). DR 5–102(B) does not provide a tool for disqualifying counsel by the mere stratagem of suggesting that opposing counsel may be called as a witness during the trial. *Galarowicz v. Ward*, 119 Utah 611, 230 P.2d 576 (1951). Nothing in the motion establishes the testimony that would be elicited from the assistant attorneys general who conducted the investigation. The disqualification of the attorney general's office by the district court in this

case was premature, and we accordingly make the rule absolute.

the conduct of the trial and his firm, if any, shall not continue representation in the trial. . . .

(B) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in

his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client.