[No. 30837-1-II.   Division Two.   July 7, 2004.]

JILL DOTY, *Appellant*, v. TOWN OF SOUTH PRAIRIE, *Respondent*.

*John W. Schedler* (of *Lee Smart Cook Martin & Patterson, P.S., Inc.*), for appellant.

*Klara S. Hicks, Diana V. Blakney*, and *Michael B. Tierney* (of *Law Offices of Michael B. Tierney, P.C.*), for respondent.

Hunt, J. — Jill Doty appeals the trial court's dismissal of her action against the Town of South Prairie, seeking additional compensation for injuries she sustained as a volunteer fire fighter for the Town. She had already received benefits under the volunteer fire fighters' and

reserve officers' relief and pensions act (VFF).[1] Doty argues the trial court erred in ruling that she was entitled to protection under the Industrial Insurance Act[2] and was, therefore, bound by its exclusive remedy provision. Holding the Industrial Insurance Act did not cover Doty, we reverse.

## FACTS

Jill Doty served as a volunteer fire fighter for the Town of South Prairie (Town). The Town paid her stipends of $6 per call and $10 per fire drill. The Town also paid premiums on Doty's behalf under the VFF, chapter 41.24 RCW.

Injured while performing her volunteer fire fighter duties, Doty applied and received compensation under the VFF.[3] She sued the Town, seeking additional damages for her injuries. The Town moved for dismissal, arguing that the trial court lacked jurisdiction because the Industrial Insurance Act limited Doty to its exclusive remedy. Agreeing with the Town, the trial court dismissed Doty's action with prejudice. Doty appeals.

## ANALYSIS

### I. STANDARD OF REVIEW

■ The issue before us is whether the Industrial Insurance Act, Title 51 RCW, bars a volunteer fire fighter's civil action against a town for injuries sustained while performing as a volunteer fire fighter. The issue of immunity under the Industrial Insurance Act is a matter of law, which we review de novo. *Judy v. Hanford Envtl. Health Found.*, 106 Wn. App. 26, 35, 22 P.3d 810, *review denied*, 144 Wn.2d

[1] Ch. 41.24 RCW.

[2] Title 51 RCW.

[3] In her Appellant's Brief, Doty asserts that her administrative claims were denied, without specifying whether her claims were denied under the VFF or the Industrial Insurance Act, or both. Neither she nor the record before us provides proof of such administrative denial. Doty does not reply to the Town's assertion that she received benefits under the VFF.

1020 (2001); *Wells v. Olsten Corp.*, 104 Wn. App. 135, 139-40, 15 P.3d 652 (2001).

## II. INDUSTRIAL INSURANCE ACT

Doty argues that (1) the Industrial Insurance Act (Act) does not apply to volunteer fire fighters; (2) as a volunteer fire fighter injured on the job, she was ineligible for compensation under the Act; and (3) therefore, the Act's exclusive remedy provision did not bar her civil action against the Town. The Town counters that the Act covers volunteer fire fighters such as Doty and bars her private action.

The legislature enacted the Act "to provide swift compensation for injured workers" and to replace "the common law fault-based system." *Hildahl v. Bringolf*, 101 Wn. App. 634, 640, 5 P.3d 38 (2000), *review denied*, 142 Wn.2d 1020 (2001). The Act "provides the exclusive remedy for workers injured during the course of their employment." *Wash. Ins. Guar. Ass'n v. Dep't of Labor & Indus.*, 122 Wn.2d 527, 530, 859 P.2d 592 (1993); RCW 51.04.010. Under the Act, an employer is immune from its employees' civil lawsuits for workplace injuries. *Flanigan v. Dep't of Labor & Indus.*, 123 Wn.2d 418, 422, 869 P.2d 14 (1994); RCW 51.04.010.

Generally, however, the Act does not cover claims by injured, non-employee volunteers. RCW 51.12.035;[4] WAC 296-17-930; *Kirk v. Dep't of Labor & Indus.*, 192 Wash. 671, 675, 74 P.2d 227 (1937) (A person who assists another without an agreement for definite compensation is not protected under the Act.). In addition, the Act applies to public entities only where "workers are employed for wages," which would generally exclude volunteers. RCW 51.12.050. And although RCW 51.12.035(2) provides that towns may elect to provide most volunteers with medical

---

[4] RCW 51.12.035(2) provides that, under certain circumstances, towns and municipal corporations may elect to provide volunteers with medical coverage under the Act, creating the presumption that volunteers are generally excepted from other types of coverage. *See also* WAC 296-17-930; WAC 296-17-746.

coverage under the Act, it explicitly excludes volunteer fire fighters from this optional medical coverage:[5]

> *[V]olunteers may be deemed employees* ... for all purposes relating to medical aid benefits under chapter 51.36 RCW at the option of any ... town.
>
> A "volunteer" shall mean a person who performs any assigned or authorized duties for any such unit of local government, or any such organization, *except* ... *fire fighters* covered by chapter 41.24 RCW.

RCW 51.12.035(2) (emphasis added). *See also* WAC 296-17--746;[6] 1929-1930 OP. ATTY. GEN. at 510-11.[7]

██ ██ In interpreting a statute, we attempt "to best advance" its underlying legislative purpose. *State v. C.J.*, 148 Wn.2d 672, 685, 63 P.3d 765 (2003) (citing *Morris v. Blaker*, 118 Wn.2d 133, 143, 821 P.2d 482 (1992)). We do not construe a statute in a manner that renders any portion of it meaningless or superfluous. *Stone v. Chelan County Sheriff's Dep't*, 110 Wn.2d 806, 810, 756 P.2d 736 (1988).

Although the Town agrees that Doty was a volunteer fire fighter under chapter 41.24 RCW at the time of her injury, it argues that she was also an employee covered under the Act. The Town argues that (1) the Act excludes volunteer fire fighters only from optional medical benefit coverage; and (2) the other provisions of the Act cover volunteer fire fighters. In our view, this argument ignores the Act's plain language and logical inference from it.

██ RCW 51.12.035(2) plainly provides that volunteers "*may be* deemed employees and/or workers ... for all purposes relating to medical aid benefits." (Emphasis added.) The logical inference from this language is that RCW 51.12.035(2) provides a limited exception to the general

---

[5] Although the Act excludes optional medical coverage for volunteer fire fighters, a different statute, chapter 41.24 RCW, provides them similar coverage under a specially funded death and disability program.

[6] "State Fund workers' compensation is not provided to volunteer firemen covered by chapter 41.24 RCW." WAC 296-17-746.

[7] "Volunteer fire departments are not within the protection of the workmen's compensation act according to its terms."

preclusion of benefits for volunteers under the Act. Beyond this limited medical benefits exception, volunteers are not otherwise considered to be covered employees with comprehensive coverage under the Act. *In re Wissink*, 118 Wn. App. 870, 877, 81 P.3d 865 (2003).

■ We hold, therefore, that because the Act does not cover volunteer fire fighters, the Act's exclusive remedy provision does not preclude a civil action for personal injuries sustained during the course of their volunteer duties.[8]

Having decided that the Act does not cover volunteer fire fighters, we next determine whether Doty was a volunteer fire fighter or an employee covered by the Act.

### III. VOLUNTEER OR EMPLOYEE?

■ ■ The Act distinguishes between volunteers and employees. It defines a "volunteer" as

> a person who performs any assigned or authorized duties . . . brought about by one's own free choice, *receives no wages*, and is registered and accepted as a volunteer . . . PROVIDED, That such person shall be *deemed to be a volunteer although he or she may be granted maintenance and reimbursement* for actual expenses necessarily incurred in performing his or her assigned or authorized duties.

RCW 51.12.035(2) (emphasis added). In contrast, the Act defines an "employee" as "every person in this state who is engaged in the *employment* of an employer." RCW 51.08.180(1) (emphasis added); RCW 51.08.185. And the Act defines "employment" as "services performed by an individual for *remuneration*." RCW 51.08.195 (emphasis added). Thus,

_____

[8] Nor does chapter 41.24 RCW prohibit such civil actions. There is no language in chapter 41.24 RCW that bars a volunteer fire fighter from bringing a civil action against a town, while simultaneously collecting statutory benefits. 1967 OP. ATTY. GEN. No. 40, at 4 (1967) ("the fact that an injured fireman is entitled to compensation from the volunteer firemen's relief and pension system for a disability sustained in the performance of duty is not a defense to tort liability on the part of the fire protection district which he was serving when the disability occurred.").

the key distinction between volunteers and employees under the Act is whether they receive wages for their services.

The Town argues that Doty was an employee, in part, because she received "wages" for her work as a fire fighter, as follows: $6 per call, $10 per drill, and VFF premiums paid by the Town on her behalf to provide Doty with benefits in the event of a work-related injury. But these amounts are not wages within the meaning of the Act.

That Doty received a small stipend and potential VFF medical and disability benefits does not qualify her as an employee under the Act. The Act governs employee claims against their employers and provides for the "welfare of [the] wage worker." RCW 51.04.010. The Act was designed to be remedial in nature and its objective is to compensate workers with "lost earning capacity" swiftly. *Double D Hop Ranch v. Sanchez*, 133 Wn.2d 793, 798, 947 P.2d 727 (1997). RCW 51.08.178(1) provides:

> For the purposes of this title, the monthly wages the worker was receiving from all employment at the time of injury shall be the basis upon which compensation is computed unless otherwise provided specifically in the statute concerned. . . .
>
> . . . .
>
> The term "wages" shall include the reasonable value of board, housing, fuel, or other consideration of like nature received from the employer as part of the contract of hire.

Although the Act does not explicitly define "wages," it is clear that Doty's stipend does not fall within its reach.[9] First, wages do not automatically include "any and all forms of consideration." *Cockle v. Dep't of Labor & Indus.*, 142 Wn.2d 801, 821, 16 P.3d 583 (2001). The $6 per call and the $10 per drill that the Town paid Doty are not her "earning capacity," which the Act was designed to remedy in the event of loss. *See Cockle*, 142 Wn.2d at 811. Second, RCW 51.08.178(1) expressly provides that for purposes of

---

[9] "Ambiguous statutory language . . . should be construed in the manner 'best advance[ing] the perceived legislative purpose.'" *Cockle v. Dep't of Labor & Indus.*, 142 Wn.2d 801, 821-22, 16 P.3d 583 (2001) (quoting *Wichert v. Cardwell*, 117 Wn.2d 148, 151, 812 P.2d 858 (1991)).

lost earning capacity compensable under the Act, lost wages are based on the *hourly wage* the injured worker normally is paid and the hours the worker is normally employed. *Cockle*, 142 Wn.2d at 827.

Doty was not an hourly worker. Rather, she received a small, fixed stipend per call or drill, regardless of its duration, which did not purport to compensate her for her time and labor. Nor did she work normal, set hours; instead, she was on call, free to choose whether to respond. Similarly, the VFF disability and medical premiums the Town pays on Doty's behalf do not fall within the Act's definition of wages because these potential benefits "are not immediately available, unless the worker is presently eligible, and are therefore not 'critical' to the worker's 'basic health and survival' at the time of injury." *Gallo v. Dep't of Labor & Indus.*, 119 Wn. App. 49, 60, 81 P.3d 869 (2003) (citing *Cockle*, 142 Wn.2d at 822).

We hold that (1) because Doty was not a Town employee for wages, she was a volunteer and, therefore, the Act did not cover her; and (2) the trial court erred in ruling that the Act precluded her action against the Town for her injuries and in dismissing her case.

QUINN-BRINTNALL, C.J., and HOUGHTON, J., concur.

Review granted at 153 Wn.2d 1017 (2005).