178 P.3d 1054 (2008)
Jill DOTY-FIELDING, a married woman on behalf of her separate estate, Appellant,
v.
TOWN OF SOUTH PRAIRIE, Respondent.
No. 35829-8-II.
Court of Appeals of Washington, Division 2.
March 12, 2008.
*1055 John W. Schedler, Lee Smart PS Inc., Seattle, WA, for Appellant.
Michael B. Tierney, Diana Virginia Blakney, Michael B. Tierney PC, Mercer Island, WA, for Respondent.
QUINN-BRINTNALL, J.
¶ 1 Jill Doty-Fielding appeals the trial court's order granting the Town of South Prairie's (Town) motion for summary judgment on all claims. Doty-Fielding sued the Town for injuries she sustained while fire fighting on December 25, 1999, claiming that the Town breached its duty to provide her with a safe working environment by failing to train her properly. Because the record does not contain evidence supporting every element of Doty-Fielding's negligence claim, we affirm.

FACTS
¶ 2 Doty-Fielding, a volunteer fire fighter for the Town, was injured fighting a fire on December 25, 1999. Unable to close the bale of an over-pressurized fire hose, Doty-Fielding "slammed" the bale with her open hand as if spiking a volley ball and injured her right hand, wrist, and arm. Clerk's Papers (CP) at 33. Doty-Fielding applied for and initially received compensation under the volunteer fire fighters' and reserve officers' relief and pensions statute.[1]
First Case
¶ 3 Doty-Fielding also sued the Town, seeking damages for her injuries. The Town argued that the Industrial Insurance Act[2] (IIA) provided Doty-Fielding an exclusive remedy. Agreeing with the Town, the trial court dismissed the case with prejudice. Doty-Fielding appealed to this court. In Doty v. Town of South Prairie, 122 Wash. App. 333, 93 P.3d 956 (2004), we reversed the trial court, holding that because the fire fighter was not a Town employee for wages, she was a volunteer under the IIA and, therefore, the Act did not cover her.
*1056 ¶ 4 The Town appealed our decision to the Supreme Court. In Doty v. Town of South Prairie, 155 Wash.2d 527, 120 P.3d 941 (2005), the court affirmed our decision, holding that Doty-Fielding is not subject to the IIA's exclusive remedy provision and that the IIA does not provide the Town with immunity from civil suit. Our Supreme Court remanded the case to the trial court for further proceedings.
Second Case
¶ 5 The record before this court does not contain a copy of Doty-Fielding's claims against the Town. It does show that on September 29, 2006, the Town again filed for summary judgment on all the claims. In its motion, the Town asserted that Doty-Fielding failed to allege and could not prove that it breached its duty to avoid willful and wanton misconduct. In addition, the Town argued that Doty-Fielding had assumed any injury risk and that the fellow servant rule barred her claims. In support of its summary judgment motion, the Town presented excerpts of depositions by Doty-Fielding, Daryl Flood, and Harry "Jake" Doty.
¶ 6 No transcript of the superior court's proceedings has been provided this court. From the meager record before us, it appears that the trial court heard oral arguments and granted the Town's summary judgment motion on December 1, 2006. And that it later denied Doty-Fielding's motion for reconsideration. Doty-Fielding appeals.

ANALYSIS
Summary Judgment
¶ 7 Doty-Fielding argues that the trial court erred when it granted the Town summary judgment.
¶ 8 Washington law favors resolution of cases on their merits. Smith v. Arnold, 127 Wash.App. 98, 103, 110 P.3d 257 (2005). Summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); Hisle v. Todd Pac. Shipyards Corp., 151 Wash.2d 853, 861, 93 P.3d 108 (2004). We review summary judgment orders de novo, performing the same inquiry as the trial court. Hisle, 151 Wash.2d at 860, 93 P.3d 108.
Negligence
¶ 9 Doty-Fielding argues that the Town breached its duty to provide her with a safe work environment when its fire department failed to properly train her as a volunteer fire fighter.
¶ 10 To maintain an action for negligence, a plaintiff must show (1) that the defendant owed a duty of care to the plaintiff, (2) the defendant breached that duty, (3) the plaintiff was injured, and (4) the defendant's breach was the proximate cause of the injury. Hoffstatter v. City of Seattle, 105 Wash.App. 596, 599, 20 P.3d 1003 (2001). Whether a defendant owes a duty of care is a question of law that we review de novo. Hoffstatter, 105 Wash.App. at 601, 20 P.3d 1003.
¶ 11 Here, the parties disagree as to what duty the Town owed Doty-Fielding as a volunteer fire fighter. For the first time on appeal, Doty-Fielding contends that the Washington Industrial Safety and Health Act (WISHA)[3] requires that each employer provide a work environment that is as safe as reasonably possible to all workers, including volunteer fire fighters. The Town contends that Doty-Fielding assumed the risk when she volunteered to respond to the fire call and, thus, it did not breach its duty to avoid willful and wanton misconduct.
¶ 12 RCW 49.17.010 states that the legislature enacted WISHA "in the public interest for the welfare of the people of the state of Washington and in order to assure, insofar as may reasonably be possible, safe and healthful working conditions for every man and woman working in the state of Washington."
¶ 13 Unlike other statutes, WISHA does not include any exclusionary language to suggest a distinction between paid workers and volunteers. But even if WISHA does not include volunteers, chapter 296-305 WAC, regulating fire fighter safety, applies to all *1057 fire departments, including volunteer departments. That regulation provides that a fire department must establish, supervise, maintain, and enforce a safe and healthful working environment for workers in non-combat conditions and at fire scenes after the fire has been extinguished. WAC 296-305-01509.[4] The chapter also enumerates some of the requirements for fire training. WAC 296-305-05501.[5] For example, WAC 296-305-05503(10) establishes some frequency of training requirements.[6]
¶ 14 But the record before us contains little evidence related to Doty-Fielding's training. John Wood[7] testified by deposition that the training Doty-Fielding received regarding hose handling was not adequate and that Doty-Fielding received only between 12 to 14 hours of hose training during the year of her accident. For her part, Doty-Fielding testified that she joined the Town's fire department as a volunteer in July 1995, that she received "light training" during the weekly meetings, and that the department sent her to Bates College one night a week and every other weekend for additional training. CP at 19.
¶ 15 The nonmoving party is entitled to have the evidence viewed in a light most favorable to her and against the moving party. Herron v. Tribune Publ'g Co., 108 Wash.2d 162, 170, 736 P.2d 249 (1987). But the party opposing a motion for summary judgment may not rely on speculation, argumentative *1058 assertions that unresolved factual issues remain, or on having its affidavits considered at face value. Seven Gables Corp. v. MGM/UA Entm't Co., 106 Wash.2d 1, 13, 721 P.2d 1 (1986). Conclusory statements in a plaintiff's affidavit are insufficient; the plaintiff must demonstrate the basis for her assertions. CR 56(e); Herron, 108 Wash.2d at 170, 736 P.2d 249. And statements of ultimate facts, conclusions of fact, or conclusory statements of fact are insufficient to overcome a summary judgment motion. Grimwood v. Univ. of Puget Sound, Inc., 110 Wash.2d 355, 359-60, 753 P.2d 517 (1988).
¶ 16 In addition, a witness's qualifications as an expert must be established by the party presenting the witness. ER 702;[8]Group Health Coop. of Puget Sound, Inc. v. Dep't of Revenue, 106 Wash.2d 391, 398, 722 P.2d 787 (1986). And an expert's testimony for summary judgment must be supported by the specific facts underlying the opinion. Rothweiler v. Clark County, 108 Wash.App. 91, 100-01, 29 P.3d 758 (2001), review denied, 145 Wash.2d 1029, 42 P.3d 975 (2002); Sunbreaker Condo. Ass'n v. Travelers Ins. Co., 79 Wash.App. 368, 374, 901 P.2d 1079 (1995), review denied, 129 Wash.2d 1020, 919 P.2d 600 (1996); Hash v. Children's Orthopedic Hosp. & Med. Ctr., 49 Wash.App. 130, 134-35, 741 P.2d 584 (1987), aff'd, 110 Wash.2d 912, 757 P.2d 507 (1988).
¶ 17 Although Doty-Fielding presents him as an "expert witness," the record before us contains no information regarding Wood's fire fighting trainer qualifications. Nor does it state the basis for his opinion that the Town failed to adequately train Doty-Fielding. Moreover, the record does not contain any specific evidence regarding standards for fire department policies or procedures regarding training or any specific evidence of Doty-Fielding's actual training.
¶ 18 Under RAP 9.5, 9.6, and 9.12, Doty-Fielding has the burden to present a record sufficient to allow for our review.[9]
¶ 19 The record before us is devoid of evidence regarding what training Doty-Fielding should have been provided and only includes Wood's conclusory statements that Doty-Fielding was inadequately trained.
¶ 20 Even weighing the facts and reasonable inferences in Doty-Fielding's favor, as we must, Doty-Fielding's conclusory statements are insufficient to demonstrate that material issues of disputed fact exist sufficient to overcome the Town's summary judgment motion.
¶ 21 Accordingly, we affirm the trial court's summary judgment order and we do not reach the merits of the remaining issues.[10]
We concur: BRIDGEWATER, P.J., and HUNT, J.
NOTES
[1] Chapter 41.24 RCW; Doty v. Town of S. Prairie, 122 Wash.App. 333, 93 P.3d 956 (2004), aff'd, 155 Wash.2d 527, 120 P.3d 941 (2005).
[2] Title 51 RCW.
[3] Chapter 49.17 RCW.
[4] WAC 296-305-01509 provides a fire department's management responsibility:

(1) It shall be the responsibility of management to establish, supervise, maintain, and enforce, in a manner which is effective in practice:
(a) A safe and healthful working environment, as it applies to noncombat conditions or to combat conditions at a fire scene after the fire has been extinguished, as determined by the officer in charge.
(b) An accident prevention program as required by this chapter.
(c) Programs for training employees in the fundamentals of accident prevention.
(d) Procedures to be used by the fire department safety officer and incident commander to ensure that emergency medical care is provided for members on duty.
(e) An accident investigation program as required by this chapter.
(2) The fire department shall be responsible for providing suitable expertise to comply with all testing requirements in this chapter. Such expertise may be secured from within the fire department, from equipment and apparatus manufacturers, or other suitable sources.
(3) Members who are under the influence of alcohol or drugs shall not participate in any fire department operations or other functions. This rule does not apply to persons taking prescription drugs as directed by a physician or dentist providing such use does not endanger the worker or others.
(4) Alcoholic beverages shall not be allowed in station houses, except at those times when station houses are used as community centers, with the approval of management.
(5) A bulletin board or posting area exclusively for safety and health and large enough to display the required safety and health posters. The WISHA poster (WISHA form F416-081-000) and other safety education material shall be provided. A bulletin board of "white background" and "green trim" is recommended.
(6) The fire department shall develop and maintain a hazard communication program as required by WAC 296-800-170, which will provide information to all employees relative to hazardous chemicals or substances to which they are exposed, or may routinely be exposed to, in the course of their employment.
(7) Personnel.
(a) The employer shall assure that employees who are expecting to do interior structural fire fighting are physically capable of performing duties that may be assigned to them during emergencies.
(b) The employer shall not permit employees with known physical limitations reasonably identifiable to the employer, for example, heart disease or seizure disorder, to participate in structural fire fighting emergency activities unless the employee has been released by a physician to participate in such activities.
[5] WAC 296-305-05501(3) provides: "Fire fighters shall be trained in the function, donning and doffing, care, use, inspection, maintenance and limitations of the equipment assigned to them or available for their use."
[6] WAC 296-305-05503(10) provides:

The employer shall assure that training and education is conducted frequently enough to assure that each member is able to perform the member's assigned duties and functions satisfactorily and in a safe manner so as not to endanger members or other employees. All members shall be provided with training at least annually. In addition, members who are expected to perform interior structural fire fighting shall be provided with an education session or training at least quarterly.
[7] Wood's identity and his expert qualifications are unclear from the record as presented.
[8] "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." ER 702.
[9] During oral argument, Doty-Fielding's counsel acknowledged that he was relying on evidence outside the appellate record and indicated that he would take appropriate steps to rectify the deficiency. More than 90 days have passed since oral arguments and no motions to supplement the record have been made.
[10] The Town further contends that Doty-Fielding's claims are barred under the fellow servant rule. We note that the fellow servant doctrine generally provides nonliability for an employer whose employee, while acting within the scope of his employment, is injured solely by the negligence of a fellow servant. Bennett v. Messick, 76 Wash.2d 474, 475-76, 457 P.2d 609 (1969) (citing Buss v. Wachsmith, 190 Wash. 673, 70 P.2d 417 (1937)). But our Supreme Court has refused to extend the bar to recovery. Bennett, 76 Wash.2d at 476, 457 P.2d 609. Here, it appears that Flood was in exclusive control of the fire truck's pump that provided water to the hose Doty-Fielding was using. Arguably, Flood was not Doty-Fielding's fellow servant, but he performed his pump operation duties as a vice-principal. See Bennett, 76 Wash.2d at 475-76, 457 P.2d 609. As a vice-principal, the fellow servant doctrine would not apply. But because, as demonstrated above, Doty-Fielding failed to produce a record of evidence supporting her claim, we do not reach the merits of the Town's fellow servant issue.