PEOPLE of the State of
Colorado, Plaintiff.

v.

Matthew Gene MAESTAS, Defendant.

No. 08SA170.

Supreme Court of Colorado,
En Banc.

Jan. 12, 2009.

Don Quick, District Attorney, 17th Judicial District, Michael J. Milne, Sr., Deputy District Attorney, Brighton, Colorado, Attorneys for Plaintiff.

Springer and Steinberg, P.C., Harvey A. Steinberg, Michael P. Zwiebel, Denver, Colorado, Attorneys for Defendant.

Chief Justice MULLARKEY delivered the Opinion of the Court.

## I. INTRODUCTION

We issued this rule to show cause to consider whether the trial court improperly refused to accept defendant Matthew G. Maestas's knowing, intelligent, and voluntary waiver of conflict-free counsel.[1] Colorado caselaw establishes that the court must give substantial deference to a defendant's Sixth Amendment right to his choice of counsel. In this case, Maestas expressed his preference to maintain Harvey Steinberg as his counsel; he repeated this preference both in conversations with the trial judge and in a valid written waiver of conflict-free counsel. Although a trial court should not accept a defendant's waiver when that preference is outweighed by the interest of maintaining the integrity of the judicial system, there is no evidence in the record that any factors existed to outweigh the defendant's strongly asserted choice of counsel. Instead, the trial court relied on a misinterpretation of the law and speculation about possible future circumstances. We therefore conclude the trial

---

1. We granted the petition to show cause on the two following issues:
   1. Where the defendant has executed a knowing, intelligent and voluntary waiver of conflict-free counsel and has asserted his desire for counsel of choice, may the court refuse to accept such waiver and deny defendant his constitutional right to counsel of choice based upon the fact that Colo. RPC 1.7 may permit defendant to later revoke the waiver?

2. Where the basis for disqualification is that defendant's counsel has been endorsed as a prosecution witness in an unrelated case against the defendant, is the district court required to determine that counsel is a necessary witness before disqualifying defendant's counsel of choice?
   Because we dispose of the case based upon the first issue, we do not reach the second.

court improperly refused Maestas's valid waiver and make the rule absolute.

## II. FACTS AND PROCEDURAL HISTORY

In separate proceedings, Petitioner Matthew G. Maestas was charged with murder and drug-related offenses. The primary case at issue in this appeal, case number 07CR2147, involves charges of first degree murder[2] and attempted first degree murder[3] ("the murder case"), for which Maestas retained the counsel of Harvey Steinberg. The other case, case number 08CR243, involves charges of distribution of a schedule II controlled substance,[4] conspiracy to distribute a schedule II controlled substance,[5] introducing contraband in the first degree,[6] and conspiracy to commit introducing contraband in the first degree[7] ("the contraband case").[8] These contraband charges arise from allegations that, while Maestas was in custody awaiting his trial in the murder case, his sister mailed him a package, disguised as a letter from Steinberg's firm, containing illegal narcotics. When the prosecution in the contraband case endorsed Steinberg as a witness, the prosecuting attorney in the murder case submitted a motion to the trial court, requesting that it obtain a conflict-of-interest waiver from Maestas regarding his counsel, Steinberg.

At the subsequent hearing on the prosecutor's motion, Maestas confirmed to the court that he wished to retain Steinberg as his counsel. Nevertheless, Steinberg requested that Maestas be given independent counsel on the conflict question, and the trial court appointed an independent lawyer, Ronald Aal, to advise Maestas on the issue of the potential conflict of interest. Before a second hearing on the conflict issue, Aal met with Maestas several times to discuss the potential conflict and give Maestas full opportunity to consult him on the matter.

At the second hearing, Maestas tendered to the court a written and signed waiver of conflict-free counsel pursuant to Colo. RPC 1.7, which allows a lawyer to represent a client despite potential conflicts of interest if the client gives informed written consent. This waiver read:

> I Matthew Maestas, request that my attorney Mr. Harvey Steinberg in Adams County case number 07CR2147 be allowed to remain as my counsel and in doing so I waive the conflict of interest created by his endorsement as a witness in [another] Adams County case ... In furtherance of this waiver I state as follows: ...
>
> 4. I have been informed of the conflict and possible conflicts. I have had the opportunity to discuss this matter with Mr. Ronald Aal, who was appointed to review the conflict as my independent counsel.
>
> 5. I understand that I can assert the conflict and request that Mr. Steinberg withdraw from my representation. I understand that if Mr. Steinberg withdraws I could hire new counsel of my choosing or request to have counsel appointed by the Court.
>
> 6. I request that the Court allow me to waive any and all conflicts arising from the above stated facts. I request that Mr. Steinberg be allowed to continue as my attorney in Adams County case number 07CR2147.
>
> 7. This waiver is made knowingly, voluntarily, intelligently and without any undue influence.

In addition to the assertions made in the waiver, the trial judge engaged in a colloquy with Maestas at the second hearing. During this conversation, Maestas again expressed his preference to keep Steinberg as his counsel. He also confirmed that he had read and signed the waiver, discussed the situation with the independent counsel several times,

---

**2.** § 18–3–102(1)(a), C.R.S. (2008).

**3.** § 18–3–102(1)(a); § 18–2–101, C.R.S. (2008).

**4.** § 18–18–405(1), (2)(a)(I)(A), C.R.S. (2008).

**5.** § 18–18–405(1), (2)(a)(I)(A).

**6.** § 18–8–203(1)(a), C.R.S. (2008).

**7.** § 18–8–203(1)(a); § 18–2–201, C.R.S. (2008).

**8.** A third set of charges was filed against Maestas on contraband charges but is not relevant to the present case.

understood the waiver and his discussions with counsel, possessed a GED, understood that he could revoke the waiver at any time, had no further questions on the matter for his independent counsel, and felt no financial pressure to keep Steinberg as his attorney.

At the end of the second hearing, the trial court concluded that a conflict existed "for the reasons that are described in the waiver document...." The court also concluded that Maestas's waiver was knowing, voluntary, and intelligent. Despite the validity of the waiver, however, the trial court refused to accept the waiver. It concluded that, because comment 21 to Colo. RPC 1.7 allows defendants to revoke their waiver of conflict-free counsel at any time, Maestas's right to counsel of choice was outweighed by "the paramount necessity of preserving public confidence and the integrity of the administration of justice." The apparent danger to those considerations arose out of the trial judge's belief that comment 21 gave Maestas the unchecked ability to delay the proceedings at will by unilaterally revoking consent at a critical stage of the trial. Accordingly, the trial court disqualified Steinberg as counsel.

Following the trial court's ruling, Maestas petitioned this court to issue a rule to show cause pursuant to C.A.R. 21. We granted the petition and now make the rule absolute.

### III. Jurisdiction and Standard of Review

■ Relief under C.A.R. 21 is appropriate when an appellate remedy would not be adequate to rectify a serious abuse of discretion, *Halliburton v. County Court*, 672 P.2d 1006, 1009 (Colo.1983); *see also People ex rel. Peters v. Dist. Court*, 951 P.2d 926, 931 (Colo.1998), or when "an otherwise interlocutory ruling may have a significant impact on a party's ability to litigate the merits of a controversy," *People v. Braunthal*, 31 P.3d 167, 172 (Colo.2001) (citation omitted). In this case, if the district court erroneously disqualified the defendant's counsel, an appellate remedy would not be appropriate. Furthermore, Maestas's ability to litigate the merits of his case would be impaired because he would be deprived of his constitutional

right to the counsel of his choice throughout the trial process.

■ Trial court decisions disqualifying counsel are reviewed for abuse of discretion. *People v. Harlan*, 54 P.3d 871, 877 (Colo. 2002) (citing *Peters*, 951 P.2d at 931). Under this standard, a trial court "commits an abuse of discretion if it makes a manifestly arbitrary, unreasonable or unfair decision." *People v. Palomo*, 31 P.3d 879, 882 (Colo. 2001) (citation omitted). A trial court also commits an abuse of discretion by misapplying the law. *Freedom Colo. Information, Inc. v. El Paso County Sheriff's Dept.*, 196 P.3d 892, 899 (Colo.2008) (citations omitted); *People v. Ramirez*, 18 P.3d 822, 826 (Colo. App.2000) (citing *Kuhn v. State Dept. of Revenue of Colo.*, 817 P.2d 101 (Colo.1991)).

### IV. ANALYSIS

■ The freedom of a defendant to choose his own counsel is central to our adversarial judicial system. *Rodriguez v. Dist. Court*, 719 P.2d 699, 706 (Colo.1986). The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to be represented by counsel of his choice. *See* U.S. Const. amend. VI; *Rodriguez*, 719 P.2d at 705; *see also Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *People v. Castro*, 657 P.2d 932 (Colo.1983). This constitutional right "includes the right to conflict-free counsel." *Dunlap v. People*, 173 P.3d 1054, 1070 (Colo.2007) (citing *People v. Martinez*, 869 P.2d 519, 524 (Colo.1994)). In order to reconcile the two interests where a potential conflict exists with the defendant's counsel of choice, "a defendant may waive the right to conflict-free representation." *Rodriguez*, 719 P.2d at 706 (citing *Holloway v. Arkansas*, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978)).

■ A defendant's choice of counsel is not the final inquiry on the matter, however. *See id.* ("[T]he sixth amendment does not guarantee an absolute right to counsel of choice in all cases." (citation omitted)). Terminating counsel in order to represent oneself pro se or switching to new counsel during a trial, for example, is subject to court

approval. In determining whether a defendant's counsel of choice should be disqualified, the court must balance the defendant's preference against "the public's interest in maintaining the integrity of the judicial process as well as the nature of the particular conflict of interest involved." *Harlan,* 54 P.3d at 877 (citing *Rodriguez,* 719 P.2d at 706–07). Thus, a defendant cannot utilize his right to counsel of choice for improper purposes, such as attempting to delay proceedings or to "impede [the] efficient administration of justice." *People v. Mogul,* 812 P.2d 705, 708 (Colo.App.1991). When faced with such a request to terminate counsel, "the trial court has the duty to make a careful inquiry about the defendant's right to counsel and his or her desires regarding legal representation." *People v. Alengi,* 148 P.3d 154, 159 (Colo.2006); *see People v. Arguello,* 772 P.2d 87, 94 (Colo.1989) ("[T]he judge must carefully inquire into the defendant's reasons for the request...."). This inquiry must be based on evidence, and the resulting order must be supported by the record. *Harlan,* 54 P.3d at 877 (citing *People ex rel. Woodard v. Dist. Court,* 704 P.2d 851, 853 (Colo.1985) ("Counsel cannot be disqualified on the basis of speculation or conjecture, and disqualification can only occur after facts have been alleged which show a potential violation of the disciplinary rule." (citation omitted))).

The Colorado Rules of Professional Conduct deal with conflicts of interest in Rule 1.7, which states that "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest." Colo. RPC 1.7(a). However, if a conflict of interest does exist, the lawyer can represent the client if the "affected client gives informed consent, confirmed in writing." [9] Colo. RPC 1.7(b)(4). This court has further held that this waiver must be voluntary, knowing, and intelligent. *Castro,* 657 P.2d at 945–46. In addition to the ability to waive the right to conflict-free counsel, comment 21 to rule 1.7 states that "[a] client who has

given consent to a conflict may revoke the consent and, like any other client, may terminate the lawyer's representation at any time." Colo. RPC 1.7 cmt 21.

■ The trial judge interpreted comment 21 as giving a defendant the absolute right to revoke the waiver at any time. This interpretation is erroneous. Comment 21 expressly equates the right to revoke this waiver of conflict-free counsel with any other right a client may have to terminate his lawyer's representation. This means that revoking such a waiver is subject to the same limitations as terminating counsel would be in any other situation. Accordingly, like any defendant, if there is evidence in the record that a defendant's attempt to revoke a waiver is untimely or filed for an improper purposes, the trial court may reject it.

■ Within this inquiry, however, the defendant's choice "is entitled to great deference," *Rodriguez,* 719 P.2d at 705, and disqualification should not be imposed unless the conflict of interest somehow taints the judicial system, *Harlan,* 54 P.3d at 876 (citing *Taylor v. Grogan,* 900 P.2d 60 (Colo. 1995)). In addition, such disqualification must be based on evidence in the record and cannot be based on speculation or conjecture. *Harlan,* 54 P.3d at 877 (citing *Woodard,* 704 P.2d at 852).

## V. APPLICATION

In the present case, Maestas repeatedly expressed that Steinberg was his counsel of choice. When faced with a potential conflict of interest, Maestas waived his right to conflict-free counsel. Further, it is undisputed that this waiver was valid—the trial court itself found that the waiver was valid in light of the facts that Maestas had been appointed independent counsel to discuss the waiver, was fully informed, and voluntarily, knowingly, and intelligently executed the waiver.

Despite the substantial deference owed Maestas's strongly asserted preference, the

9. Colo. RPC 1.0(e) defines "informed consent" as "the agreement by a person to a proposed course of conduct after the lawyer has communicated adequate information and explanation about the material risks of and reasonably available alternatives to the proposed course of conduct."

Maestas's written waiver satisfied this definition because his independent counsel, Ronald Aal, had previously explained the material risks and available alternatives to the potential conflict posed by the retention of Steinberg as his counsel.

trial court held it was outweighed by "the paramount necessity of preserving public confidence and the integrity of the administration of justice." The judge reasoned that accepting Maestas' waiver would taint the judicial process because Maestas could later choose to unilaterally revoke the waiver and delay the trial. This decision was incorrect.

The trial judge relied on an erroneous interpretation of the law. As discussed above, Maestas did not possess the unilateral right to revoke the waiver at any time; a future revocation would be subject to the court's approval. However, such an inquiry would only take place if and when Maestas attempted to revoke his waiver. Instead, the trial court prematurely analyzed a possible revocation, basing its analysis on speculation rather than actual evidence in the record. *See Harlan,* 54 P.3d at 877. At the time the trial judge made his decision, there could be no evidence in the record that Maestas was attempting to revoke his waiver for improper purposes because he had not attempted to revoke the waiver.

In contrast, the record shows that Maestas's waiver was timely filed and otherwise valid. Upon being advised of the potential conflict at the first pre-trial hearing on the matter, Maestas verbally expressed that he still desired that Steinberg represent him. The court appointed an independent counsel to fully inform Maestas of the potential conflict and set another hearing to resolve the matter. At this second hearing, Maestas tendered his valid waiver.

Moreover, there was no evidence in the record that Maestas executed the waiver for improper purposes or that his preference would frustrate the administration of justice or the integrity of the judicial system. The concerns raised by the trial court were not based on evidence, but rather on speculation and conjecture of what Maestas might attempt in the future. The record itself contained only facts reflecting that Maestas tendered a valid waiver of conflict-free counsel. Accordingly, the trial court should have afforded Maestas the proper deference and accepted his waiver.

## VI. CONCLUSION

Because the trial court's rejection of Maestas's waiver of conflict-free counsel was based on a misapplication of the law and was unsupported by evidence in the record, it was an abuse of discretion. A defendant is entitled to his counsel of choice unless that preference is outweighed by evidence in the record that affording the defendant this right will frustrate the administration of justice. In this case, no such evidence exists to support the trial judge's order and we therefore make the rule to show cause absolute.