The **PEOPLE of the State of Colorado,** Plaintiff–Appellee,

v.

**Eric Lamont BROWN, Defendant–Appellant.**

**No. 06CA1751.**

Colorado Court of Appeals, Div. V.

March 31, 2011.

John W. Suthers, Attorney General, Jennifer L. Ward, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

Stinson Law Office, Jenifer Stinson, Denver, CO, for Defendant–Appellant.

Opinion by Judge WEBB.

This direct appeal presents the difficult question of balancing efficient judicial administration against delay when a criminal defendant exercises his Sixth Amendment right to replace appointed counsel with retained counsel and seeks to continue the trial on that basis. Although denying a continuance is within the trial court's discretion, here the court's findings do not show that it adequately considered the right of defendant, Eric Lamont Brown, to counsel of his choosing when it refused to continue the trial to afford his newly-retained counsel time to prepare. Because we conclude that the court thereby violated Brown's Sixth Amendment right, we must reverse the judgment of conviction[1] and remand for retrial.[2]

## I. Background

After Brown was arrested in March 2005, the trial court appointed a public defender to represent him. In September, Brown requested that his trial be continued because tests from the Colorado Bureau of Investigation had not been completed. The prosecutor responded that she also "need[ed] additional time before [the] case goes to trial." After being reset for December, the trial was again continued, this time at the prosecutor's request because the victim was unavailable. The court reset the trial for January 10, 2006, but it was continued a third time at defendant's request because the court granted the prosecutor's motion to reconsider an earlier ruling and allowed the prosecutor to introduce very significant CRE 404(b) evidence. The trial was reset for February 14, 2006.

On February 2, 2006, newly-retained counsel entered an appearance for Brown and sought a continuance to prepare for trial. The motion recited that Brown was willing to waive speedy trial. At the hearing on the motion, retained counsel explained that when he had been contacted by Brown's family in December:

> I told them what my retainer was going to be to get started on a case of this magnitude, and they said they were going to work towards doing that.

He also informed the court that Brown "wished to hire private counsel" and explained:

> I do not believe he's doing this for any purpose of delay, or anything like that ... it's just been a matter of getting the retainer put together.
>
> . . .
>
> I have ordered the discovery ... I have an investigator ready to go. I'm prepared to jump into this case and work on it, and my understanding is Mr. Brown and his family would like me to represent him.

The prosecutor objected to the continuance because the victim and the CRE 404(b) witness had been subpoenaed "three times before."[3] The public defender offered that she was prepared for trial on February 14th.

---

1. Brown was convicted on a jury verdict of second degree kidnapping, two counts of sexual assault, and criminal attempt to commit unlawful sexual contact.

2. Given this conclusion, we need not address Brown's other contentions.

3. Because the court granted the prosecution's motion to introduce CRE 404(b) evidence in Jan-

The court acknowledged that although the January continuance had been requested by Brown: "I'm not sure that [it] can necessarily be qualified as a defense request since it was based on my ruling and based on a motion that the People filed." Nevertheless, the court told the parties that it was "not inclined to continue [the] case" because:

It's been continued several times; we've got a number of witnesses subpoenaed; [the public defender] is ready to proceed; and, you know, I have no doubt that [the public defender] will do a very competent job representing Mr. Brown.

The court then said that "absent some other reason that I have not been told, I am not going to continue the trial in this case."

Following a brief hearing before a different judge on whether defendant had a conflict with his public defender,[4] the parties returned to the trial court and retained counsel withdrew his entry of appearance. He explained: "I would not be ready for trial. I would simply be ineffective, and I don't want to waste anybody else's time." The case went to trial as scheduled, with Brown represented by the public defender.

## II. Right to Choice of Counsel

Two competing principles must be reconciled to decide this case.

■ On the one hand, "[t]he freedom of a defendant to choose his own counsel is central to our adversarial judicial system." *People v. Maestas*, 199 P.3d 713, 716 (Colo.2009). Thus, "[i]t long has been recognized that 'an accused who desires and is financially able should be afforded a fair opportunity to secure counsel of his own choice.'" *Anaya v. People*, 764 P.2d 779, 781 (Colo.1988) (quoting *Powell v. Alabama*, 287 U.S. 45, 53, 53 S.Ct. 55, 77 L.Ed. 158 (1932)).

■ On the other hand, although the "Sixth Amendment to the United States Constitution guarantees a criminal defendant the

right to be represented by counsel of his choice," *Maestas*, 199 P.3d at 716, it does not "guarantee an absolute right to counsel of choice in all cases." *Rodriguez v. Dist. Court*, 719 P.2d 699, 706 (Colo.1986). Thus, "a defendant cannot utilize his right to counsel of choice for improper purposes, such as attempting to delay proceedings or to impede the efficient administration of justice." *Maestas*, 199 P.3d at 717 (internal citation omitted); *cf. People v. Munsey*, 232 P.3d 113, 126–27 (Colo.App.2009) (a defendant "is free to discharge his or her retained counsel without having to show cause ... so long as the discharge or request is not made for improper purposes and does not significantly disrupt judicial proceedings").

■ Reconciling these principles where the defendant seeks a continuance is within the sound discretion of the trial court, and its decision will not be overturned absent a showing of an abuse of discretion. *People v. Scales*, 763 P.2d 1045, 1048 (Colo.1988). "There are no mechanical tests for determining whether the denial of a continuance" constitutes an abuse of discretion. *People v. Hampton*, 758 P.2d 1344, 1353 (Colo.1988). Rather, "[t]he answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." *Id.* at 1353–54 (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964)). Despite many Colorado cases recognizing this power,[5] the parties cite no decision, nor have we found one, involving a continuance to replace appointed counsel, with whom the defendant does not have a conflict, with counsel who has been retained shortly before trial.

## III. Abuse of Discretion

■■ Other jurisdictions review for abuse of discretion in this setting by first recognizing the qualified nature of the right at issue:

---

uary, it is unlikely that such a witness had been subpoenaed three times.

4. The other judge found no conflict.

5. *See, e.g., People v. Lucero*, 200 Colo. 335, 342, 615 P.2d 660, 664 (1980) (denying the defen-

dant's request for continuance based on his being unprepared for trial); *People v. Gardenhire*, 903 P.2d 1165, 1168 (Colo.App.1995) (denying continuance based on unavailability of the public defender originally assigned to represent the defendant).

a "defendant's right to choice of counsel must not obstruct orderly judicial procedure or deprive courts of their inherent power to control the administration of justice." *United States v. Cordy*, 560 F.3d 808, 815 (8th Cir.2009); *see United States v. Rundle*, 409 F.2d 1210, 1214 (3d Cir.1969) ("To permit a continuance to accommodate one defendant may in itself prejudice the rights of another defendant whose trial is delayed because of the continuance."); *Gandy v. Alabama*, 569 F.2d 1318, 1323 (5th Cir.1978) ("A defendant cannot assume that the right to choose counsel affords the right to obtain a delay at his whim and caprice, or to obtain a reversal because he was unable to frustrate justice.") (internal citation omitted).

But similar cases also recognize that these considerations cannot alone override a defendant's Sixth Amendment rights. *See United States v. Rankin*, 779 F.2d 956, 960 (3d Cir. 1986) ("a rigid insistence on expedition in the face of a justifiable request for delay can amount to a constitutional violation"); *United States v. Hughey*, 147 F.3d 423, 433 (5th Cir.1998) (disclaiming "any general rule that would routinely place a district court's generalized need to proceed promptly in a superior position to defense counsel's legitimate scheduling conflicts"); *Linton v. Perini*, 656 F.2d 207, 209 (6th Cir.1981) ("a trial court, acting in the name of calendar control, cannot arbitrarily and unreasonably interfere with a client's right to be represented by the attorney he has selected").

■ To resolve this conflict, a court "must carefully balance the defendant's right to be represented by the counsel of his choice against the court's interest in 'the orderly administration of justice.'" *United States v. Gonzalez–Lopez*, 399 F.3d 924, 929 (8th Cir. 2005) (quoting *Urquhart v. Lockhart*, 726 F.2d 1316, 1319 (8th Cir.1984)), *aff'd*, 548 U.S. 140, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006).

We examine whether the trial court properly did so here by comparing the factors that it considered with factors used by other courts, which it failed to address. *Cf. People v. Bakari*, 780 P.2d 1089, 1092–93 (Colo.1989) (court abused its discretion when it denied continuance without considering "the harsh consequences of dismissal, the public interest in prompt disposition of the case, and the available alternatives"). In denying Brown's motion, the court noted factors that reflect "the efficient and effective administration of criminal justice." *United States v. Kikumura*, 947 F.2d 72, 78–79 (3d Cir.1991). But the findings do not show adequate consideration of other factors relevant to Brown's right to counsel of his choice, such as the following.

### A. Dilatory or Contrived Motive

The trial court did not make any findings on whether Brown was properly exercising his right to choose counsel, as opposed to attempting "to manipulate the court's schedule by a last minute switch of attorneys or selection of an unavailable attorney." *Gandy*, 569 F.2d at 1328; *see People v. Espinoza*, 195 Colo. 127, 129, 575 P.2d 851, 853 (1978) (court abused its discretion in denying continuance where there was "no allegation that the district attorney's actions were intended to delay the proceedings unnecessarily").[6]

Further, the record suggests that Brown's motive was not dilatory or contrived. Retained counsel's explanation that Brown's family had hired him as soon as they were able to pay the retainer went unchallenged. Although the case had been pending for almost one year and the continuance was requested only a week before trial, Brown had not previously requested a continuance to obtain different counsel, either appointed or retained; two of the three prior continuances were not attributable to Brown; and the first continuance, although requested by Brown, was due to a circumstance beyond his control.

---

**6.** *See also Sessions v. State*, 965 So.2d 194, 196 (Fla.Dist.Ct.App.2007) (finding an abuse of discretion where in "denying [the defendant's] motion for continuance, the trial court did not make any findings that [the defendant] was seeking to delay the trial or making the request in bad faith"); *People v. Green*, 42 Ill.2d 555, 248

N.E.2d 116, 117 (1969) ("the defendant's constitutional right was violated when the court, without any inquiry into the truth of the circumstances described by the defendant, summarily denied his request for a continuance and insisted that he go to trial that day").

Other courts have held that a continuance should have been granted, even if sought on or close to the day of trial, where the defendant had not previously sought continuances. *See, e.g., People v. Courts,* 37 Cal.3d 784, 210 Cal.Rptr. 193, 693 P.2d 778, 782 (1985) (the "continuance request . . . was only the second request by [defendant] for a continuance. (The first was a request for discovery which was denied.)"); *People v. Butcher,* 275 Cal. App.2d 63, 69, 79 Cal.Rptr. 618, 621 (1969) ("While appellant may be criticized for delaying as long as he did to engage private counsel . . . there is no indication he was being dilatory or seeking to avoid trial. This was his first and only application for a continuance."); *Fratcher v. State,* 842 So.2d 1044, 1046 (Fla.Dist.Ct.App.2003) ("none of the prior delays were attributable to appellant"); *State v. Garcia,* 317 Mont. 73, 75 P.3d 313, 318 (2003) (the defendant's motion to continue trial "was his first such request").[7]

The lack of prior continuances clearly chargeable to Brown distinguishes the cases relied on by the Attorney General. In *Sampley v. Attorney General of North Carolina,* 786 F.2d 610, 615 (4th Cir.1986), the trial court had granted two prior continuances "for the specific purposes of enabling [the defendant] to employ other counsel." And in *United States v. Kelm,* 827 F.2d 1319, 1322 (9th Cir.1987), trial had been "continued three times in order to allow [the defendant] time to find suitable counsel" and "[t]he record clearly demonstrate[d] that [the defendant] was manipulating his constitutional right to counsel in an effort to effect delay."

### B. Availability of Brown's Retained Counsel

Retained counsel had entered an appearance and represented that he was prepared to work on the case, had ordered discovery, and had hired an investigator. *Compare People v. Apodaca,* 998 P.2d 25, 28 (Colo. App.1999) (denying "request for a continu-

ance to enable [the defendant's] mother to raise money for a private attorney" because "there was no assurance that private counsel would be found"), *with Courts,* 210 Cal.Rptr. 193, 693 P.2d at 782 (because a lawyer-client relationship had been established, the court "was not confronted with the uncertainties and contingencies of an accused who simply wanted a continuance to *obtain* private counsel") (emphasis in original).

Nevertheless, the trial court did not ask retained counsel how much time he would need to prepare for trial or his availability for a new trial date in the near future. *Compare Bradley v. Henry,* 510 F.3d 1093, 1096 (9th Cir.2007) (right to choice of counsel wrongly denied where retained counsel "assured [the court] that he would be ready by the date appointed for trial"), *with Miller v. Blacketter,* 525 F.3d 890, 896–97 (9th Cir. 2008) (no abuse of discretion where the defendant "had not yet retained another attorney to take [his current counsel's] place" and "it was unclear how much time a new attorney, once hired, would have needed to prepare"), *United States v. Mitchell,* 777 F.2d 248, 257 (5th Cir.1985) (no abuse of discretion where defendant "attempted to manipulate the court's schedule by retaining an attorney whom he knew to have a conflict" with the trial date), *and United States v. Bentvena,* 319 F.2d 916, 936 (2d Cir.1963) ("where the inability [of] retained counsel to serve gives promise of unreasonable delay or inconvenience in completing the trial, the court may require the defendant to secure other counsel").

### C. Impact on the Court's Docket

Nor did the court make any findings on whether a continuance would adversely affect its docket. *Compare Garcia,* 75 P.3d at 321 ("the record fails to show that a continuance would have significantly inconvenienced the court"), *with People v. Doebke,* 1 Cal.App.3d 931, 940, 81 Cal.Rptr. 391, 396 (1969) ("the

---

7. *Compare People v. Ritchie,* 66 Ill.App.2d 417, 213 N.E.2d 306, 308 (1966) (trial court abused its discretion in denying motion made on the day of trial where the defendant "believed and represented to the court that his family or friends were obtaining private counsel" and the defendant's continuance was not "for the purpose of frustrat-

ing the administration of justice"), *with United States v. Brown,* 495 F.2d 593, 600 (1st Cir.1974) (no abuse of discretion where the defendant "was now seeking his third attorney in this matter, and had previously been granted a two-week continuance expressly for this purpose").

trial judge, in a lengthy and meticulous review of the trial calendar, ably demonstrated that a two weeks' continuance would not only have seriously disrupted the already congested civil calendar and jeopardized several cases approaching the statutory deadline for trial, but it also would have disrupted the criminal trial calendar as well").

Further, the record shows that the court had twice been able to reset the trial within a month. *See City of Minneapolis v. Price*, 280 Minn. 429, 159 N.W.2d 776, 780 (1968) ("[T]he only possible justification for denying the motion for continuance is the unsettling effect a continuance would have on the court calendar. Such a minor inconvenience hardly justifies deprivation of a right as basic as the right to counsel.").

### D. Prejudice to the Prosecution

Finally, the prosecutor did not argue specific prejudice. *See Espinoza*, 195 Colo. at 129, 575 P.2d at 853 ("Nor is there any indication that the appellee would have been prejudiced by such a brief delay."); *see also Linton*, 656 F.2d at 209 ("If the court finds that the delay ... causes prejudice to the prosecution, ... the trial court may interfere with the defendant's right to counsel of his own choice and require the case to proceed."); *Bentvena*, 319 F.2d at 935–36 (no abuse of discretion where "the government had grave interests at stake in seeing that further procrastination be avoided").

Nor did the court make any inquiry whether another continuance would cause prejudice as opposed to mere inconvenience. *People v. Crow*, 789 P.2d 1104, 1107 (Colo.1990) ("Some degree of inconvenience, however, is obviously experienced by all witnesses subpoenaed for judicial proceedings, but inconvenience, by itself, does not constitute good cause for the continuance of a scheduled hearing.").

Instead, both the prosecutor and the court referred only to witnesses having been subpoenaed before, not to any witness's future unavailability. But the constitutional interest at stake demands that such minimal inconvenience be distinguished from prejudice. *Compare Courts*, 210 Cal.Rptr. 193, 693 P.2d at 784 ("[t]he record fails to show that a continuance would have significantly incon-venienced the court or the parties"), *People v. Young*, 207 Ill.App.3d 130, 152 Ill.Dec. 67, 565 N.E.2d 309, 312 (1990) ("[a]ll that is shown in this case is the potential for an inconvenience to the administration of justice"), *and State v. Gale*, 240 Or.App. 305, 246 P.3d 50, 53 (2010) ("the record before us lacks any factual information that there would have been witnesses who would have been unavailable to the state if the continuance had been granted"), *with United States v. Trujillo*, 376 F.3d 593, 607 (6th Cir.2004) ("given the administrative hurdles and costs involved in ensuring the attendance of the Government's witnesses for the trial, the public's interest in the prompt and efficient administration of justice weighed in favor of denying [the defendant's] motion to continue"), *and Sampley*, 786 F.2d at 615 (no abuse of discretion where "more than ordinary inconvenience to the state would result from the last-minute continuance belatedly requested, because of the various state judicial officers who under the peculiar circumstances were required and were standing by as state witnesses").

### IV. Conclusion

Accordingly, we conclude that the trial court abused its discretion when it denied Brown's motion for a continuance, and thereby violated his Sixth Amendment right to choice of counsel. Because such a violation constitutes structural error, it is not subject to harmless error analysis. *United States v. Gonzalez–Lopez*, 548 U.S. 140, 150, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006). Hence, reversal is mandatory "without a showing of prejudice." *Anaya*, 764 P.2d at 782.

The judgment is reversed and the case is remanded for a new trial.

Judge GRAHAM and Judge J. JONES concur.