further proceedings consistent with this opinion.

2014 CO 45

**In re: The PEOPLE of the State of Colorado, Plaintiff**

**v.**

**Alan DEATLEY, Defendant**

**Supreme Court Case No. 13SA97**

Supreme Court of Colorado.

June 16, 2014

Rehearing Denied July 7, 2014

Attorneys for Plaintiff: Robert J. Whitley, Chief Appellate Deputy District Attorney Mitchell R. Morrissey, District Attorney Denver, Colorado

Attorneys for Defendant: Portman Stuart, LLC Martin Stuart Jolie Masterson Denver, Colorado

JUSTICE HOBBS delivered the Opinion of the Court.

¶ 1 Pursuant to C.A.R. 21, we issued our rule to show cause in this case to determine whether the trial court erred in requiring retained attorneys to represent a defendant at trial, despite defendant's expressed desire to discharge them and his lawsuit against them that created an irreconcilable conflict of interest.

¶ 2 In October 2010, the prosecution charged Alan DeAtley, a Washington State

resident, with twenty-five counts of white-collar criminal activity involving alleged fraudulent tax credits for land conservation easements in Colorado. In July 2011, the trial court allowed DeAtley's first retained counsel to withdraw based on irreconcilable conflicts. It granted DeAtley a continuance to retain his current defense counsel, Martin Stuart and Jolie Masterson ("defense counsel"). In November 2012, DeAtley informed the court of his intention to discharge defense counsel. They promptly filed a motion to withdraw.

¶ 3 In November 2012, instead of granting the motion to withdraw, the trial court granted DeAtley a relatively short continuance to retain yet a third defense attorney. DeAtley did not retain another attorney. Instead, he commenced a lawsuit against defense counsel for malpractice and breach of contract, reinforcing the discharge of them and causing defense counsel to renew the motion to withdraw. The trial court unreasonably and unfairly determined that the attorneys in this case could effectively represent DeAtley despite his discharge of them and the trial court's previous finding that a conflict of interest existed between defense counsel and DeAtley due to the malpractice and breach of contract lawsuit.[1] After concluding that DeAtley was engaging in trial-delaying conduct, the trial court chose the wrong remedy and thereby abused its discretion. The trial court's finding that defense counsel could "balance their personal interests implicated by the Defendant's actions with their obligation to represent him such that they can effectively do so" was arbitrary, unreasonable, and unfair given the trial court's first finding that a conflict existed. It should have granted the motion to withdraw and proceeded in accordance with Crim. P. 44(a), advising DeAtley that he had the obligation to hire other counsel, request the appointment of counsel by the court, or elect to represent himself. In view of DeAtley's delay-causing conduct, the trial court should have given him an *Arguello* advisement, explaining the consequences of engaging in trial-delaying conduct, which can result in an implied waiver of the right to counsel, and explaining the risks of proceeding without counsel. *See People v. Arguello*, 772 P.2d 87, 92–94 (Colo.1989).

¶ 4 Accordingly, we reverse the trial court's denial of the motion to withdraw and make our rule absolute.

## I.

¶ 5 In October 2010, the prosecution charged DeAtley with twenty-five counts of white-collar criminal activity. DeAtley retained David Kaplan as his attorney. Kaplan filed a motion to withdraw in June 2011 on the basis that irreconcilable conflicts existed between him and DeAtley and that DeAtley lacked the funds necessary to pay for representation. The trial court granted Kaplan's motion to withdraw in July 2011 and granted DeAtley's motion for a continuance to allow him time to either retain new counsel or apply for representation by the public defender.

¶ 6 In August 2011, DeAtley retained defense counsel, who proceeded to represent him. On November 13, 2012, the trial court received a letter from DeAtley asking that the court permit defense counsel to withdraw. DeAtley stated that he was going to discharge defense counsel and seek new representation. On November 15, 2012, defense counsel filed a motion to withdraw under Colo. RPC 1.16(a)(1) and 1.16(3) based on DeAtley's stated intent to discharge them.

¶ 7 On December 3, 2012, the trial court held both a public and an ex parte hearing to examine whether defense counsel would be permitted to withdraw. The trial court conducted the ex parte hearing so that defense counsel could present evidence supporting the withdrawal based on confidential and privileged information. On January 16, 2013, the trial court entered an order denying the motion to withdraw unless DeAtley retained new counsel. The trial court granted a continuance of the trial until May 2013 and stated that it would not grant any further continuances beyond that date, "barring exceptional and extraordinary circumstances."

---

1. The issue of whether a conflict of interest existed is not before us. For the purpose of this petition, we accept that a conflict of interest existed because of the trial court's finding.

The trial court further stated that any time needed for new counsel to prepare for trial beyond that date would not be "such a circumstance."

¶ 8 At a hearing on January 31, 2013, DeAtley handed defense counsel a copy of a civil complaint naming them as defendants in a malpractice and breach of contract action arising from their representation of him in this case. Defense counsel renewed their motion to withdraw on the basis that DeAtley was suing them and they must consequently withdraw from representation pursuant to Colo. RPC 1.7(a)(2) because of a conflict of interest. The trial court held another hearing on February 15, 2013. By this time, DeAtley had filed his malpractice and breach of contract action against defense counsel in a federal district court for the state of Washington.[2] DeAtley informed the trial court that he had not retained counsel to replace defense counsel. Defense counsel maintained that they must withdraw from representation under Colo. RPC 1.7(a)(2) because of the lawsuit DeAtley had filed against them.

¶ 9 On February 15, 2013, the trial court found that there was a conflict of interest between DeAtley and defense counsel, but it denied the motion to withdraw because it found that DeAtley had caused the conflict in order to delay the trial. The trial court accepted DeAtley's suggestion of allowing another counsel "to make an appearance within the next two weeks." The trial court told DeAtley, "I'm comfortable with that with the understanding at this point if they don't appear then we're still proceeding along that assumption that your present counsel are remaining on...."

¶ 10 In the subsequent weeks, DeAtley failed to secure new representation. On March 15, 2013, defense counsel filed a motion seeking reconsideration of their motion to withdraw and detailed the nature of the conflict. They informed the court that defense counsel's attorney for the Washington lawsuit had advised them not to communicate any further with DeAtley due to the pending lawsuit. On March 26, 2013, the trial court denied defense counsel's motion for reconsideration, stating that they must represent DeAtley at trial unless he elected to represent himself:

> [U]nless the defendant elects to represent himself, his present attorneys should expect to represent him at the trial on May 20, 2013, and they should take such actions as needed to be ready to do so at that time.... [T]he court sees no reason why they cannot discuss the present criminal proceedings to the degree necessary for the attorneys to present an appropriate defense.

Despite finding a history of DeAtley creating conflicts to disqualify a number of attorneys in order to delay trial of the case, the trial court required defense counsel to represent DeAtley at trial:

> After considering all of the relevant circumstances, including but not limited to the timing of the defendant's actions creating the conflict shortly before the original trial, his history of similar actions in other cases, his efforts to not only disqualify his own counsel but to disqualify the court, the age of the case, the prior withdrawal of the original counsel in this case, the pending trial in May, the complexity of the issues, the likely difficulty, if not impossibility, of finding substitute counsel, and the likelihood that some type of conflict would arise between the defendant and any such substitute counsel even if one could be

2. See Complaint, *DeAtley v. Stuart*, No. 13–CV3014–EFS (E.D. Wash. Feb. 12, 2013). DeAtley filed this action in the Eastern District of Washington on February 12, 2013, at which point defense counsel was formally served with process. On April 18, 2013, this case was transferred on venue grounds from the federal court in Washington state to the federal court for the District of Colorado. On February 24, 2014, the Colorado federal district court dismissed the case without prejudice for DeAtley's failure to post a cost bond. See Order Adopting Recommendation of United States Magistrate Judge, *DeAtley v. Stuart*, No. 1:13–cv–01140–REB–BNB, 2014 WL 700029 (D.Colo. Feb. 24, 2014) (dismissing the case as a sanction for failure of the plaintiff to post a cost bond). Defense counsel has filed with us the Colorado federal district court's order dismissing the lawsuit, as well as notice that DeAtley has stated to them his intent to appeal dismissal of the malpractice and breach of contract action to the U.S. Court of Appeals for the Tenth Circuit.

found—present defense counsel's request to withdraw is denied.

¶ 11 At the request of defense counsel, we issued a rule to show cause as to why the trial court's order denying their motion to withdraw should not be reversed. As they did in the trial court, defense counsel argues that Colo. RPC 1.16(a)(1), 1.16(3), and 1.7(a)(2) prohibit them from representing DeAtley due to a conflict of interest. The prosecution argues that the trial court did not abuse its discretion in requiring defense counsel to try the case on the date set for trial. We disagree.

## II.

¶ 12 After the trial court found that DeAtley was engaging in trial-delaying conduct, it abused its discretion by choosing the incorrect remedy. The trial court unreasonably and unfairly determined that defense counsel could effectively represent DeAtley despite his discharge of them and the trial court's determination that a conflict of interest existed between the attorneys and their client. It should have granted the motion to withdraw and proceeded in accordance with Crim. P. 44(a), advising DeAtley that he had the obligation to hire other counsel, request the appointment of counsel by the court, or elect to represent himself. In view of DeAtley's delay-causing conduct, the trial court should have given DeAtley an *Arguello* advisement, explaining the consequences of engaging in trial-delaying conduct, which can result in an implied waiver of the right to counsel, and explaining the risks of proceeding without an attorney. *See Arguello*, 772 P.2d at 92–94.

### A. Standard of Review

¶ 13 Appellate courts review a trial court's ruling on an attorney's motion to withdraw for an abuse of discretion. *People in the Interest of M.M.*, 726 P.2d 1108, 1121 (Colo.1986). To constitute an abuse of discretion, the trial court's decision must be manifestly arbitrary, unreasonable, or unfair. *People v. Voth*, 2013 CO 61, ¶ 15, 312 P.3d 144. Whether the trial court applied the correct legal standard in ruling on defense counsel's motion to withdraw is a question

for de novo appellate review. *See People v. Matheny*, 46 P.3d 453, 462 (Colo.2002).

### B. The Right to Counsel and Its Limitations

¶ 14 The right to counsel is guaranteed by the Sixth Amendment to the U.S. Constitution. U.S. Const. amend. VI. This right encompasses both the right to a retained attorney for a defendant who is financially able to pay for legal representation and the right to a court-appointed counsel for an indigent defendant faced with the prospect of incarceration. *King v. People*, 728 P.2d 1264, 1268 (Colo.1986). A defendant also has the constitutional right to self-representation. Colo. Const. art. 2, § 16; *Arguello*, 772 P.2d at 92.

¶ 15 The right to select an attorney of choice whom the defendant trusts is considered central to the adversary system and of substantial importance to the judicial process. *People v. Brown*, 2014 CO 25, ¶ 16, 322 P.3d 214. This choice is afforded great deference. *Rodriguez v. Dist. Court*, 719 P.2d 699, 705–06 (Colo.1986). A lawyer must move to withdraw if discharged by the client or if continued representation violates the Colorado Rules of Professional Conduct. Colo. RPC 1.16(a)(1), (3). When a retained defense attorney files a motion to withdraw under Crim. P. 44(c), the trial court necessarily must make an inquiry into the foundation for the motion when balancing "the need for orderly administration of justice with the facts underlying the request." Crim. P. 44(c). If the attorney files the motion at the request of the client or the client discharges the attorney, resulting in a motion to withdraw, the trial court's discretion is limited by the defendant's right to an attorney of his or her choice. *See Brown*, 2014 CO 25, ¶ 16, 322 P.3d 214 (citing *Rodriguez*, 719 P.2d at 705; *Powell v. Alabama*, 287 U.S. 45, 53, 53 S.Ct. 55, 77 L.Ed. 158 (1932)). However, the right to an attorney of choice is not absolute. We have held that, under certain circumstances, this right must give way to other important considerations involving the administration of justice and integrity of the judicial system. *Id.* ¶ 17.

¶ 16 For instance, a lawyer must move to withdraw if continued representation violates the Colorado Rules of Professional Conduct. Colo. RPC 1.16(a)(1), (3); *see also, e.g., People v. Doering,* 35 P.3d 719, 722 (Colo.2001); *Olsen & Brown v. City of Englewood,* 889 P.2d 673, 676 (Colo.1995). If, from the facts presented at the hearing, it appears that a substantial conflict of interest exists, or will in all probability arise in the course of counsel's representation, the motion to withdraw should be granted. *Allen v. Dist. Ct.,* 184 Colo. 202, 519 P.2d 351, 353 (1974); *Rodriguez,* 719 P.2d at 706. Additionally, in *Brown,* we held that continuance of a trial date requires a balancing of interests involving defendant's choice of counsel and the efficient administration of justice and integrity of the judicial system. ¶ 22. In *Arguello,* we held that, if a defendant abuses the right to an attorney for the purpose of unnecessary delay, the defendant may be required to proceed to trial without counsel. 772 P.2d at 92. The colloquy between the trial court and the defendant should demonstrate on the record that defendant has knowingly and intelligently waived the right to an attorney, either expressly or through conduct that amounts to an implied waiver of the right to counsel. *Id.* at 93.

¶ 17 In all of these cases, we have consistently held that a trial court must balance the defendant's Sixth Amendment right to counsel of choice against the demands of fairness, efficiency, and the integrity of the judicial system. A trial court has wide latitude in determining how to strike this balance. *United States v. Gonzalez–Lopez,* 548 U.S. 140, 152, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006) (holding that the trial court must balance "the right to counsel of choice against the needs of fairness and the demands of its calendar").

¶ 18 Although the trial court cannot force a defendant to proceed to trial with a retained attorney he no longer wants to represent him, a defendant may be required to represent himself where the defendant has created the conflict to cause delay. Under such circumstances, the trial court must explain that, if the defendant cannot find a new attorney prepared to go to trial at the trial date the court sets, the defendant can be deemed to have waived his right to counsel and be required to go to trial without an attorney. The trial court must, under these circumstances, explain the risks of proceeding without an attorney and the consequences of dilatory conduct.[3] In order for a court to conclude that an accused has impliedly waived counsel, the record as a whole, including the reasons proffered by the defendant for not having counsel, must demonstrate that the defendant knowingly and willingly undertook a course of conduct that evinces an unequivocal intent to relinquish or abandon his right to legal representation.

## C. Application to This Case

¶ 19 In this case, the trial court permitted DeAtley's first counsel to withdraw in July 2011. It simultaneously granted a motion for a continuance to allow DeAtley time to find an attorney. From the time DeAtley threatened to discharge defense counsel in November 2012, followed by his filing an action against them for malpractice and breach of contract in February 2013, the trial court held a number of status conferences and hearings on defense counsel's motion to withdraw. In considering defense counsel's motion to withdraw, the trial court told DeAtley that if he did not secure new representation, defense counsel would be required to represent him at trial. The trial court also told DeAtley that even if he arrived at court with a new attorney, the court would not grant any further continuance of the trial date.

¶ 20 When the trial court ascertained that DeAtley had not retained another attorney, it found that DeAtley had intentionally engaged in conduct calculated to delay the case. It abused its discretion, however, in requiring defense counsel to represent DeAtley over his objection and despite the conflict of interest the trial court found to exist. The trial court should have granted defense coun-

---

**3.** In *Arguello,* we provided an appendix to the Colorado Trial Judges Benchbook, which included a list of questions for the court to use in advising a defendant about the risks of proceeding to trial without an attorney. 772 P.2d at 97–98.

sel's motion to withdraw. It should then have given DeAtley an *Arguello* advisement in light of its concern about DeAtley's trial-delaying tactics.

¶ 21 Because the trial court had already determined a conflict of interest existed, it had no reasonable basis for believing that the attorney-client relationship had not deteriorated to the point that counsel was unable to give effective aid in the preparation of a defense. Further, the conflict between defense counsel and DeAtley and the motion to withdraw did not occur on the eve of trial. *Compare People v. Schulteis,* 638 P.2d 8, 10, 13 (Colo.1981), *with People in the Interest of M.M.,* 726 P.2d at 1121. The trial court unreasonably and unfairly determined here that defense counsel could effectively represent DeAtley despite his discharge of them and the trial court's determination that a conflict of interest existed between defense counsel and DeAtley. Lacking the ability to even communicate with their client, defense counsel could not continue to represent DeAtley effectively in this criminal case. The trial court's finding that defense counsel could "balance their personal interests implicated by the Defendant's actions with their obligation to represent him" was arbitrary, unreasonable, and unfair.

¶ 22 On remand, the trial court should inquire of DeAtley whether he has utilized the extensive time during the pendency of this original proceeding to retain substitute counsel. If he has, the trial court should allow the new counsel to enter an appearance, set a trial date, and give DeAtley an *Arguello* advisement about the consequences of any further delay-causing conduct. If he has not retained counsel, the trial court should proceed in accordance with Crim. P. 44(a), advising DeAtley that he has the obligation to hire other counsel, request the appointment of counsel by the court, or elect to represent himself. In view of DeAtley's delay-causing conduct, the trial court should then give him an *Arguello* advisement, warning him that he can be required to proceed to trial without an attorney and the related risks. *Arguello,* 772 P.2d at 92–94. The trial court should then give DeAtley a reasonable, and short, timeframe in which to determine how he would like to proceed and set a trial date.

### III.

¶ 23 Accordingly, we reverse the trial court's order denying the motion to withdraw, make our rule absolute, and remand this case to the trial court for further proceedings consistent with this opinion.

JUSTICE COATS concurs in part and dissents in part, and JUSTICE EID joins in the concurrence in part and the dissent in part.

JUSTICE COATS, concurs in part and dissents in part.

¶ 24 I concur in part because I believe the district court erred in ordering counsel to represent the defendant at trial if he failed to timely retain new counsel, despite the defendant's demand that they be discharged. Unlike the majority, however, I do not believe the district court abused its discretion by unreasonably and unfairly determining that the attorney could nevertheless effectively represent the defendant, but rather by depriving the defendant of his Sixth Amendment right to retained counsel of choice. Because the majority begins from the premise that the motion to withdraw must be granted, I believe its subsequent analysis, and suggestion that the defendant can be advised that he must find a new attorney ready to go to trial in a short timeframe or otherwise be forced to proceed pro se, to be clearly erroneous and nothing short of a recipe for either interminable delay or violation of the defendant's constitutional rights.

¶ 25 While I applaud the majority for acknowledging the significance of the defendant's constitutional right to choice of retained counsel, even though that right is not absolute, and that the defendant may, under certain circumstances, be held to have implicitly waived his right to counsel altogether, I nevertheless believe the majority has been misled by defense counsel into believing that counsel's ethical obligations entitle them to withdraw. By contrast, unless and until they were released by the court, I believe it was their obligation to advance their client's in-

terest not only in discharging them but also in being granted a continuance to retain new and different counsel. Ultimately, the court's options with regard to defendant's desire to discharge present counsel and continue trial for the retention of, and preparation by, new counsel depend largely on the defendant's awareness of, and choices concerning, his constitutional right to counsel and his corresponding right to proceed pro se.

¶ 26 As the majority notes, the defendant has a constitutional right to choice of retained counsel, but that right must yield where otherwise necessary for the efficient administration of justice. As has elsewhere been noted, a criminal defendant may be denied his choice of counsel, for instance, where his chosen counsel lacks the credentials required of attorneys in the jurisdiction, or where his counsel has a conflict of interest so significant as to bar its waiver by the defendant, or even where the efficient administration of justice simply cannot tolerate further delay for the acquisition and preparation of new defense counsel. *See, e.g., People v. Brown,* 2014 CO 25, 322 P.3d 214; *People v. Frisco,* 119 P.3d 1093 (Colo.2005); *People v. Arguello,* 772 P.2d 87 (Colo.1989); *see generally* Wayne R. LaFave et al., *Criminal Procedure* 3 Crim. Proc. § 11.4(b) (3d ed.2013). Where, however, current counsel has a conflict of interest, or where other good cause exists, such as an irreconcilable conflict between the defendant and his current counsel concerning matters of trial tactics as to which the defendant has a fundamental right, or a complete breakdown of communication between the two, even an indigent defendant will be entitled to substitution of counsel and any concomitant delay required for preparation by new counsel. *See People v. Bergerud,* 223 P.3d 686, 702 (Colo.2010); *People v. Arguello,* 772 P.2d 87, 94 (Colo.1989). Good cause in the form of a conflict of interest, an irreconcilable conflict between defendant and counsel, or a complete breakdown in communication will just as, if not more, clearly require the administration of justice to accommodate a reasonable delay for the retention and preparation of new counsel for a non-indigent defendant.

¶ 27 Where the trial court justifiably determines, notwithstanding a contrary assertion by the defendant, that no good cause entitles him to substitute counsel or, in the case of a non-indigent defendant, that in addition to the absence of good cause, the efficient administration of justice simply cannot tolerate any further continuance, an informed decision by the defendant to nevertheless discharge his current counsel can impliedly waive his right to counsel altogether. In the case of appointed counsel for an indigent defendant, we long ago made clear that as long as the defendant is not actually entitled to substitute counsel and is adequately advised of that fact as well as the risks of proceeding pro se, his choice to discharge current counsel can constitute a waiver of his right to counsel and, instead, the exercise of his corresponding right to proceed pro se, even in the face of his express protestations to the contrary. *Arguello,* 772 P.2d at 93. In the case of counsel retained by a non-indigent defendant, it similarly follows that if, in the totality of circumstances, see *People v. Brown,* 2014 CO 25, ¶ 22, 322 P.3d 214, the efficient administration of justice forecloses any further continuance that would be required for the retention and preparation of new counsel, a voluntary and informed choice to discharge the defendant's current counsel will amount to a waiver of his right to counsel and an exercise of his corresponding and equal constitutional right to proceed pro se.

¶ 28 Should current defense counsel be permitted to withdraw before, and therefore in the absence of, such an informed choice by the defendant, however, the defendant will clearly not have waived his right to counsel and will not have exercised his corresponding right to proceed without counsel. By the same token, if the defendant has not (even implicitly) waived his right to retained counsel, the denial of a continuance reasonably calculated to accommodate effective representation by new counsel will just as clearly violate the defendant's Sixth Amendment right. Either because the majority conflates a "conflict" between a defendant and his counsel with a "conflict of interest" on the part of defense counsel, or because it believes a retained counsel is entitled by the Rules of Professional Conduct to withdrawal once a

criminal defendant has expressed a desire for his discharge and filed suit against him, it (erroneously in my view) concludes that counsel's motion to withdraw should have been, and on remand must be, granted. By contrast, I believe it may well be the case (and the district court appears to have already found)[1] that the only conflict between the defendant and his counsel was generated by the defendant without justifiable cause, solely for purpose of demanding a substitution of counsel and its concomitant delay, and therefore is one that either does not amount to good cause in the first place or can at least be removed by the defendant.

¶ 29 Unlike a "conflict of interest" resulting from prior or concurrent representations or the financial or other competing interests of counsel, *see* Colo. RPC 1.7–1.9, disputes over quality of representation or compliance with a defendant's wishes do not necessarily present good cause for substitute counsel. While a non-indigent defendant has a constitutional right not to be forced to retain counsel not of his choosing, once properly advised, he may be presented with a choice to either withdraw his demand to discharge current counsel or proceed to trial without any counsel at all. And while filing a malpractice or ethical claim against defense counsel may, under limited circumstances, be said to create a "conflict of interest" for defense counsel, such a "conflict of interest" clearly does not arise from filing an action against counsel alone, *see, e.g., Mathis v. Hood*, 937 F.2d 790, 796 (2d Cir.1991) (noting that filing grievance created a conflict of interest only because state disciplinary authorities would have been more likely to punish attorney for unreasonable delay in filing if he had won his client's appeal); *United States v. Burns*, 990 F.2d 1426, 1438 (4th Cir.1993) (explaining court's unwillingness to "invite [those] anxious to rid themselves of unwanted lawyers to queue up at the doors of bar disciplinary committees on the eve of trial"), and in any event, such "conflict" between client and counsel or ethical "conflict of interest," whichever the case may be, is similarly subject to removal by the defendant, should that be his choice after advisement of the consequences of failing to do so.

¶ 30 Although I believe the majority analysis is generally on the right track, I believe the majority nevertheless fails to appreciate that filing an action against counsel and demanding their discharge alone do not constitute good cause for substitution of counsel or require acquiescence in a motion to withdraw. It is for the trial court to determine, in the totality of circumstances, whether the defendant should be denied a continuance to retain new counsel, which determination necessarily includes an assessment whether good cause for substitute counsel actually exists. Should the trial court justifiably conclude, according to the standards recently announced in *Brown*, that the efficient administration of justice forecloses any further continuance for new counsel, and it also advises the defendant of that fact and the risks of proceeding pro se, a decision by the defendant not to proceed with current counsel and remove any impediment to their effective representation will implicitly waive the defendant's right to counsel altogether and constitute an exercise of his right to proceed pro se. But for the trial court's ultimate choice to require continued representation of current counsel rather than requiring the defendant to proceed pro se, I believe its analysis was substantially correct.

¶ 31 While the district court would certainly want to reconsider the balance between the defendant's right to counsel of choice and the demands of the efficient administration of justice in light of our recent pronouncements on that subject, *see Brown*, 2014 CO 25, ¶ 17, 322 P.3d 214, as well as the altered situation resulting from the delay caused by this original proceeding, I firmly believe the question whether to permit withdrawal and substitution of counsel must be a product of that reconsideration rather than preliminary to it. I therefore respectfully concur in part and dissent in part.

---

1. Although the majority attributes, throughout, its finding of a "conflict of interest" to the trial court, and purports to be bound by this finding, *see, e.g.,* maj. op. ¶ 3, in its order denying withdrawal the trial court found only a "conflict" between the defendant and his counsel, and expressly found it to be a conflict created by the defendant for purposes of delay.

I am authorized to state that JUSTICE EID joins in the concurrence in part and the dissent in part.