2015 COA 75

**The PEOPLE of the State of Colorado,
Plaintiff–Appellee,**

v.

**Thomas FALLIS, Defendant–Appellant.**

**Court of Appeals No. 15CA0691**

Colorado Court of Appeals,
Div. A.

Announced June 4, 2015

Michael J. Rourke, District Attorney, Anthea L. Carrasco, Chief Deputy District Attorney, Greeley, Colorado, for Plaintiff–Appellee.

Reilly Pozner LLP, Sean Connelly, Iris Eytan, Denver, Colorado, for Defendant–Appellant.

Opinion by JUDGE BERGER

¶ 1 A Weld County grand jury indicted petitioner, Thomas Fallis, for second degree murder of his wife. The trial court released petitioner on bond and he is currently at liberty. Petitioner asserts that one of the bond conditions imposed—that he remain in Colorado during the pendency of this criminal case—constituted an abuse of the court's discretion and unconstitutionally interfered with his right to parent his children, who are now in Indiana.

¶ 2 After the trial court denied petitioner's motion to reconsider the imposition of the disputed bond condition, petitioner appealed to this court. This court dismissed the appeal, concluding that we were without jurisdiction to consider the appeal. Petitioner then sought C.A.R. 21 relief in the Colorado Supreme Court. The supreme court dismissed the original proceeding, noting that under its recent decision in *People v. Jones,* 2015 CO 20, 346 P.3d 44, this court does have jurisdiction to review the conditions of petitioner's bond. Petitioner filed the present appeal pursuant to sections 16–4–204 and 13–4–102, C.R.S.2014.

¶ 3 Petitioner makes two attacks on the bond condition: (1) that the trial court "transgressed upon" petitioner's presumption of innocence in setting the bond condition and (2) that the trial court violated petitioner's constitutional right to parent his children because the bond condition effectively prevents him from exercising his parental rights over his children in Indiana.

■ ¶ 4 We review the imposition of bond conditions for an abuse of discretion. *See Balltrip v. People,* 157 Colo. 108, 113, 401 P.2d 259, 262 (1965). We will not reverse a trial court's decision regarding the amount of bond or the bond conditions unless the trial court abused its discretion. *See id.; see also Martell v. Cnty. Court,* 854 P.2d 1327, 1331–

32 (Colo.App.1992). A court abuses its discretion if its decision is manifestly arbitrary, unreasonable, or unfair, *People v. DeAtley,* 2014 CO 45, ¶ 13, 333 P.3d 61, or if it misconstrues or misapplies the law, *People v. Glover,* 2015 COA 16, ¶ 10, —— P.3d ——. In assessing whether a trial court's decision is manifestly unreasonable, arbitrary, or unfair, we ask not if we would have reached a different result but, rather, whether the trial court's decision fell within a range of reasonable options. *People v. Rhea,* 2014 COA 60, ¶ 58, 349 P.3d 280.

■ ¶ 5 First, we reject petitioner's argument that the trial court's order "transgressed upon" petitioner's presumption of innocence. The trial court considered the appropriate statutory criteria in setting bond conditions. The court did not treat him as guilty of the charged offense; instead, the court considered, quite properly, the nature of the charged offense and the penalty that would be imposed if he were found guilty beyond a reasonable doubt. See § 16–4–103(5)(f), C.R.S.2014 ("The court may also consider the following criteria as appropriate and relevant in making a determination of the type of bond and conditions of release: [t]he likely sentence, considering the nature [of] the offense presently charged.").

■ ¶ 6 We also reject petitioner's argument that the bond condition violates his constitutional right to parent his children. On its face, the court's order setting the bond condition says nothing about petitioner's right to parent his children. Nor does the order prevent petitioner from having contact with his children or participating in decisions regarding their welfare. Any such restrictions arise from circumstances outside the trial court's control: petitioner's decision to move himself and his children to Indiana after his wife's death, and the temporary decision of an Indiana court prohibiting the children from being removed from Indiana (although the order permits the children to visit petitioner in Colorado if they are accompanied by Anna Fallis, the children's paternal grandmother).

■ ¶ 7 Colorado has a compelling state interest in enforcing its criminal laws. *People v. Allee,* 740 P.2d 1, 9 (Colo.1987). That interest includes ensuring that a defendant

on bond will appear at the time and place required to answer to the criminal charge. *Moreno v. People*, 775 P.2d 1184, 1185 (Colo. 1989); *see also* § 164–103(3)(a) ("The type of bond and conditions of release shall be sufficient to reasonably ensure the appearance of the person as required.").

¶ 8 It was not unreasonable for the trial court to conclude, as it did, that a bond condition requiring petitioner to remain in Colorado reduces the risk of flight. It also was not unreasonable for the court to determine that not only does such a bond condition increase the chances that petitioner will appear at proceedings in the criminal case, but also that, if he absconds, it makes it easier, faster, and less expensive to apprehend him. The bond condition was narrowly tailored to address these legitimate state interests. *See ABA Standards for Criminal Justice: Pretrial Release* 10–5.2 (3d ed.2007). This is true even though petitioner executed a waiver of extradition, because issues that could be raised regarding the enforceability of the waiver would not arise if petitioner remains in Colorado.

¶ 9 Petitioner has not cited and we have not found any decision from any court that holds that a bond condition of the type at issue here, which was imposed in accordance with statutory requirements, nonetheless violates a defendant's right under *Troxel v. Granville*, 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000), to exercise his parental rights.

¶ 10 For these reasons, we conclude that the trial court did not abuse its discretion in imposing the bond condition.[1] Accordingly, the petition for review of the bail order is dismissed.[2]

JUDGE FURMAN and JUDGE MILLER concur.

---

1.  We decline petitioner's invitation to address the merits of the charges on which he has been indicted.

2.  Section 16–4–204, C.R.S.2014, which provides for appellate review of terms and conditions of bail, prescribes the potential actions an appellate court may take regarding a petition for review of a bail order. Thus, although we are deciding the petition on the merits, according to the statute, the appropriate disposition is dismissal, not either denial of the petition or affirmance of the bond order.