Colorado Court of Appeals Opinions || July 16, 2015


Colorado Court of Appeals -- July 16, 2015
2015 COA 94. No. 12CA1536. People v. Cardenas.



 Â 

 
 
 
 COLORADO COURT OF APPEALS

 
 2015 COA 94

 
 



 Court of Appeals No. 12CA1536
 City and County of Denver District Court No. 11CR1525
 Honorable Brian R. Whitney, Judge


 The People of the State of Colorado,

 Plaintiff-Appellee,

 v.

 Israel P. Cardenas,

 Defendant-Appellant.


 JUDGMENT REVERSED, SENTENCE VACATED,
 AND CASE REMANDED WITH DIRECTIONS

 Division IV
 Opinion by JUDGE STERNBERG*
 Webb and Plank*, JJ., concur

 Announced July 16, 2015


 Cynthia H. Coffman, Attorney General, Ethan E. Zweig, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

 Douglas Wilson, Colorado State Public Defender, Mark Evans, Deputy Public Defender, Denver, Colorado, for Defendant-Appellant

 *Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, Â§ 5(3), and Â§ 24-51-1105, C.R.S. 2014.

 Â Â 


 
 Â¶1Â Â Â Â Â Â Â  Defendant, Israel P. Cardenas, appeals the judgment of conviction entered on jury verdicts finding him guilty of five counts of second degree burglary of a dwelling, one count of second degree burglary of a building, one count of attempted second degree burglary of a dwelling, five counts of theft ($1000-$20,000), and one count of theft ($500-$1000). We reverse and remand for a new trial.
 
 I. Background
 
 Â¶2Â Â Â Â Â Â Â  According to the Peopleâs evidence, a plumber saw defendant leaving the area of a home for sale, taking the lockbox for the home with him. The plumber gave the homeowner the license plate number of the truck that defendant was driving, and the homeowner contacted police. The next day, the police began surveillance of defendant and watched as he drove around the Highlands neighborhood of Denver looking through the windows of many houses. Several days later, police saw defendant drive the truck to a home and then to a storage unit, where he unloaded a stove from the truck.
 
 Â¶3Â Â Â Â Â Â Â  Defendant was arrested and admitted stolen property was in his apartment and in the storage unit. He also admitted to havingÂ burglarized nine residences in the Highlands neighborhood by taking appliances and show furniture from homes for sale.
 
 II. Right to Counsel of Choice


 
 Â¶4Â Â Â Â Â Â Â  Defendant primarily contends, and we agree, that the courtâs failure to include him in a hearing on his attorneyâs motion to withdraw and failure to inquire about his objections to or confusion about that motion, before allowing the attorney to withdraw, require reversal of his convictions.
 
 A. Facts
 
 Â¶5Â Â Â Â Â Â Â  Defendant was originally represented a public defender, but Douglas L. Romero (defense counsel) replaced the public defender on May 9, 2011. On November 22, 2011, defense counsel filed a motion to withdraw, stating:
 
 COMES NOW, Douglas L. Romero Esq., a Member of the Bar of the State of Colorado, moves this Court for an Order allowing Douglas L. Romero to withdraw as counsel of record for this Defendant and/or set a hearing on the matter. As grounds therefore, counsel states as follows:
 
 AS GROUNDSTHEREFORE [sic], counsel states as follows:
 
 1. Also, [sic] substantial and irreconcilable differences of opinion concerning the course ofÂ scope of representation have arisen between the Defendant and Counsel.
 
 2. The differences are of a nature and at a level such that Counsel seeks to withdraw as Counsel in this matter.
 
 WHEREFORE, the undersigned requests that this Court grant his Motion to Withdraw from any further representation of the Defendant in this matter.


 
 Â¶6Â Â Â Â Â Â Â  At a hearing on December 16, 2011, the trial court conducted a brief bench conference with defense counsel and the prosecutor on the motion to withdraw.
 
 The Court: My -- I donât know if new counsel can be prepared by the trial (indistinguishable -- parties talking over each other).
 
 [Prosecutor]: Okay.
 
 The Court: I would hope so. The motion to withdraw is, I guess, characteristically vague. I -- I can tell you that if this is really a financial issue and he objects, Iâm not sure I will grant the motion to withdraw.
 
 Is there something else going on?
 
 [Defense Counsel]: It isnât. This was initially filed by [defense counsel] so the issue heâs having is not only a violation of the terms of the retainer agreement but also just the -- the absence of any communication anymore -Â­maybe nonresponsiveness of -- of [defendant] to contact him and stay in communication.
 
 The Court: All right.


 
 Back in open court, the judge asked:
 
 The Court: [Defendant], your attorney has asked to withdraw from representation in this case. Do you have any objection to that motion?
 
 [Defendant]: Yes, I do. But I donât -- I donât know what else to do.
 
 The Court: Well, when we were at the -- the bench I tried to get some sense of the scope of -- of the issues that were raised in the motion. There may be financial issues for which I would not necessarily release counsel, but [defense counsel] indicated that there were difficulties in -- in communication as well. Do you think thatâs a fair statement?
 
 [Defendant]: I -- I guess.
 
 The Court: You -- you wonât be unrepresented. Youâd be -- youâd qualify for the public defender since youâre in custody and youâd certainly have counsel in this case, and I would expect that counsel could be prepared by a -- a March 12th trial date.
 
 I wonder if it would make sense, if the People didnât object, to make some further record about the issues that have arisen between counsel and [defendant] outside the presence of the prosecutor in an in camera hearing.
 
 The court then set a further hearing in order to allow the parties to make a complete record on the motion to withdraw. However, theÂ next hearing would be in front of a new judge because the current judge was rotating to a civil docket.


 
 Â¶7Â Â Â Â Â Â Â  At the next hearing before a new judge, the following occurred:
 
 The Court: All right. We set a review for this. There was a motion filed regarding withdrawal and quite frankly, I believe the in camera review was accomplished by [the prior judge].
 
 Has he indicated to any of you the outcome of that in camera review, because I donât have any in camera records, and --
 
 [Defense Counsel]: What --
 
 The Court: -- looked all over for them.
 
 [Defense Counsel]: -- and what happened was [the prior judge] stated that he wanted to set a hearing for today. I believe today would have been the in camera review.
 
 The Court: Understood.
 
 [Defense Counsel]: So thereâs never been a previous in camera review.
 
 The Court: Okay.
 
 [Prosecutor]: And that was my understanding too.
 
 The Court: All right. All right. Well, [defense counsel], how do you intend to -- how -- how would you like to proceed on this? We certainly can go back in chambers, but your client canât come, so I -- I donât know who --Â who it is you want me to talk to at this point -Â­off the record.
 
 [Defense Counsel]: In -- Iâve never dealt with this type of situation -- meaning with a motion to withdraw having to do an in camera hearing on it, so that was something that was requested by [the previous judge] and not by us, so certainly if youâve adopted this case, I guess we would just defer to how you wish to proceed on this.
 
 I mean I -- I have no specific method that I wish to operate on. I -- Iâve never dealt with it as just an in camera issue.
 
 The Court: Well the motion to withdraw was filed in essence by your office.
 
 [Defense Counsel]: Correct.
 
 The Court: And youâd stated in there in paragraph 2 that there was a difference of a nature and a level that counsel -- counsel seeks to withdraw.
 
 Iâm sure what [the prior judge] wanted to do was find out what those reasons were outside the presence of the district attorney. It doesnât necessarily have to be outside the presence of your client, but the way this courthouse is set up, thereâs not a lot we can do about it, I think. So at the moment, I guess I would ask you to join me back in chambers and weâll discuss some of the reasons that you were having and then I can rule on your motion. If I need to talk to your client, Iâll figure out a way to do that, so why donât we take a few minutes and you come back with me.
 
 (Whereupon the above proceedings concluded at 1:47 p.m. and the matter was recommenced in open court at 1:52 p.m.)
 
 The Court: The Court has heard things in chambers in support of the motion to withdraw as counsel and the Court has been able to substantiate what was placed in paragraph 2 - - that was pretty much what weâre going with. So therefore the motion to withdraw as counsel of record is granted at this point.
 
 [Defense counsel] will be allowed to withdraw from this case.


 
 Despite defendant being in the courtroom, the court made no inquiry of him before granting the motion. The court then continued the case for an entry of appearance by the public defenderâs office. A public defender represented defendant throughout trial.
 
 B. Standard of Review
 
 Â¶8Â Â Â Â Â Â Â  Crim. P. 44 governs an attorneyâs withdrawal in a criminal case. âAppellate courts review a trial courtâs ruling on an attorneyâs motion to withdraw for an abuse of discretion.â People v. DeAtley, 2014 CO 45, Â¶13. âTo constitute an abuse of discretion, the trial courtâs decision must be manifestly arbitrary, unreasonable, or unfair.â Id. âA trial court also commits an abuse of discretion by misapplying the law.â People v. Maestas, 199 P.3d 713, 716 (Colo.Â 2009). âWhether the trial court applied the correct legal standard in ruling on defense counselâs motion to withdraw is a question for de novo appellate review.â DeAtley, Â¶13.


 
 C. The Right to Counsel and Crim. P. 44
 
 Â¶9Â Â Â Â Â Â Â  âThe right to counsel is guaranteed by the Sixth Amendment to the U.S. Constitution.â Id. at Â¶14 (citing U.S. Const. amend. VI); see People v. Alengi, 148 P.3d 154, 159 (Colo. 2006). âThis right encompasses both the right to a retained attorney for a defendant who is financially able to pay for legal representation and the right to a court-appointed counsel for an indigent defendant faced with the prospect of incarceration.â DeAtley, Â¶14 (citing King v. People, 728 P.2d 1264, 1268 (Colo. 1986)).
 
 Â¶10Â Â Â Â Â Â Â  âThe right to select an attorney of choice whom the defendant trusts is considered central to the adversary system and of substantial importance to the judicial process.â Id. at Â¶15 (citing People v. Brown, 2014 CO 25, Â¶16); see Anaya v. People, 764 P.2d 779, 781 (Colo. 1988) (ââA defendantâs right to be represented by counsel of choice is grounded in the jurisprudence of the sixth amendment to the United States Constitution and is entitled to great deference. This guarantee reflects the substantial interest of aÂ defendant in retaining the freedom to select an attorney the defendant trusts and in whom the defendant has confidence.ââ (quoting Rodriguez v. Dist. Court, 719 P.2d 699, 705 (Colo. 1986))).


 
 Â¶11Â Â Â Â Â Â Â  âWhen a retained defense attorney files a motion to withdraw under Crim. P. 44(c), the trial court necessarily must make an inquiry into the foundation for the motion when balancing âthe need for orderly administration of justice with the facts underlying the request.ââ DeAtley, Â¶15 (quoting Crim. P. 44(c)); cf. People v. Edebohls, 944 P.2d 552, 556 (Colo. App. 1996) (â[T]he trial court should . . . seek from the defendant a narrative response, on the record, indicating his or her understanding of the right to conflict-free representation and a description of the conflict at issue.â); Alengi, 148 P.3d at 159 (âBecause there exists a strong presumption against the waiver of a fundamental constitutional right, the trial court has the duty to make a careful inquiry about the defendantâs right to counsel and his or her desires regarding legal representation.â).
 
 Â¶12Â Â Â Â Â Â Â  Pursuant to Crim. P. 44(d)(2), â[n]o hearing shall be conducted without the presence of the defendant unless the motion [toÂ withdraw] is made subsequent to the failure of the defendant to appear in court as scheduled.â


 
 D. Analysis
 
 Â¶13Â Â Â Â Â Â Â  It is undisputed that defendant was not present in chambers when his attorney spoke to the new judge about withdrawal. Because defendantâs presence was required by the rules of criminal procedure, we conclude that this judge abused his discretion in granting the motion without including defendant in the proceedings. See Crim. P. 44(d)(2); see also Pearson v. Dist. Court, 924 P.2d 512, 516 (Colo. 1996) (âThe generally accepted and familiar meaning of âshallâ indicates that this term is mandatory.â). We reach this conclusion despite defendantâs presence in the courtroom when defense counselâs motion to withdraw was granted. To conclude that Crim. P. 44(d)(2) requires a defendant to be present but then allows the only meaningful portion of the hearing to be held outside of his or her presence is illogical and untenable. See People v. Angel, 2012 CO 34, Â¶17 (âIn construing the Colorado Rules of Criminal Procedure, âwe employ the same interpretive rules applicable to statutory construction.ââ (quoting People v. Fuqua, 764 P.2d 56, 58 (Colo. 1988))); Curtiss v. People, 2014 COA 107, Â¶6 (âAÂ statutory interpretation leading to an illogical or absurd result will not be followed.â).


 
 Â¶14Â Â Â Â Â Â Â  Nevertheless, while acknowledging that defendant was not present at the meeting with defense counsel in chambers, the People argue that the courtâs statement when it came back on the record that it âhas been able to substantiate what was placed in paragraph 2 [of the motion to withdraw]â can âonlyâ be read to confirm that the court must also have spoken with defendant. We disagree.
 
 Â¶15Â Â Â Â Â Â Â  This statement could likewise be interpreted to mean that the court, speaking only with defense counsel in chambers, âsubstantiate[d]â counselâs belief that âirreconcilable differences of opinion concerning the course of scope of representationâ necessitated his withdrawal. This alternate conclusion is supported by the brevity of the in camera hearing â merely five minutes â an unlikely amount of time for the court to have left the courtroom, discussed the motion with defense counsel, returned to the courtroom, and discussed with defendant his attorneyâs reasons for withdrawal, all before going back on the record.


 Â¶16Â Â Â Â Â Â Â  Further, Crim. P. 44(c) requires that prior to allowing an attorney to withdraw, the court âshall balance the need for orderly administration of justice with the facts underlying the request.â See also DeAtley, Â¶15. Because the record is devoid of any analysis by the court balancing the need for orderly administration and the facts underlying the request, we also conclude the court abused its discretion for this reason. See DeAtley, Â¶15; Pearson, 924 P.2d at 516 (âshallâ is mandatory); cf. Brown, Â¶Â¶27-29 (applying balancing test to determine whether a continuance should be granted to allow a defendant his chosen counsel and remanding for the trial court to make sufficient factual findings based on that test); People v. Stidham, 2014 COA 115, Â¶18.

 
 Â¶17Â Â Â Â Â Â Â  The People contend that the lack of record should be held against defendant. See, e.g., In re Marriage of Rivera, 91 P.3d 464, 466 (Colo. App. 2004) (âIt is the obligation of the party asserting error in a judgment to present a record that discloses that error.â). But the People do not indicate how defendant could reconstruct the record of the meeting in chambers, during which he was neither present nor represented. While the record is devoid of evidence of what occurred in chambers between counsel and the court, itÂ affirmatively demonstrates that defendant had objected earlier to counselâs withdrawal, was not present in the meeting between the court and counsel, and was not provided with any reasoning by the court to grant the withdrawal over his objection. Under these circumstances, the unrecorded meeting is demonstrative of the court not following the mandates of Crim. P. 44.


 
 Â¶18Â Â Â Â Â Â Â  Crim. P. 44 does not provide a remedy for a violation of its mandate. Harmless error analysis generally applies to violations of statutory rights. See People v. Martinez, 83 P.3d 1174, 1181 (Colo. App. 2003) (citing Hill v. United States, 368 U.S. 424, 428 (1962) (violation of federal rule of criminal procedural was not constitutional or jurisdictional)).
 
 Â¶19Â Â Â Â Â Â Â  However, violation of a defendantâs right to counsel of choice is structural error. See Anaya, 764 P.2d at 783 (â[T]here is no way to know whether the character of the proceedings would have changed, whether counsel would have made different decisions, or whether the defense strategy would have been different if [counsel of choice] had represented [the defendant]. Under these circumstances, prejudice to the defendant is assumed without the necessity of showing specific prejudice.â (citation and internalÂ quotation marks omitted)); People v. Ragusa, 220 P.3d 1002, 1010 (Colo. App. 2009) (âThe denial of a defendantâs constitutional right to counsel of his or her choice is structural error.â); see also United States v. Gonzalez-Lopez, 548 U.S. 140, 150 (2006) (âWe have little trouble concluding that erroneous deprivation of the right to counsel of choice, âwith consequences that are necessarily unquantifiable and indeterminate, unquestionably qualifies as âstructural error.âââ (quoting Sullivan v. Louisiana, 508 U.S. 275, 282 (1993))); United States v. Brown, 785 F.3d 1337, 1350 (9th Cir. 2015) (âThe denial of a defendantâs right to counsel of choice is a structural error, requiring that convictions be vacated even without a showing of prejudice.â); United States v. McKeighan, 685 F.3d 956, 966 (10th Cir. 2012) (âIf a defendant is wrongly denied his counsel of choice, no showing of prejudice is necessary to establish constitutional error. Such a deprivation is structural error and is complete when the defendant is erroneously prevented from being represented by the lawyer he wants, regardless of the quality of representation he received.â (citations and internal quotation marks omitted)); Hyatt v. Branker, 569 F.3d 162, 172 (4th Cir. 2009) (same); United States v. Bender, 539 F.3d 449, 454 (7th Cir. 2008)Â (same); Benitez v. United States, 521 F.3d 625, 630 (6th Cir. 2008); United States v. Sanchez Guerrero, 546 F.3d 328, 332 (5th Cir. 2008) (same); United States v. Mosley, 505 F.3d 804, 811 (8th Cir. 2007) (same).[1]


 
 Â¶20Â Â Â Â Â Â Â  We conclude that structural error applies here, where defendantâs counsel was allowed to withdraw in violation of Crim. P. 44(d)(2) and Crim. P. 44(c), because permitting counsel to withdraw over defendantâs objection, based on information provided to the court outside of his presence and without balancing the need for orderly administration of justice with the facts underlying the request, denied him his counsel of choice. Accordingly, we must reverse his convictions.
 
 III. Right to Be Present


 
 Â¶21Â Â Â Â Â Â Â  Additionally, â[a] defendant has a right to be present at every critical stage of his or her criminal trial.â Ragusa, 220 P.3d at 1009 (citing People v. Harris, 914 P.2d 434, 437 (Colo. App. 1995), and Luu v. People, 841 P.2d 271, 275 (Colo. 1992)). ââHowever, due process does not require the defendantâs presence when it would be useless or only slightly beneficial.ââ Id. (quoting People v. Isom, 140 P.3d 100, 104 (Colo. App. 2005)).
 
 Â¶22Â Â Â Â Â Â Â  A critical stage of criminal proceedings is one where there exists more than a minimal risk that the absence of the defendant might impair his or her right to a fair trial. Cf. Key v. People, 865 P.2d 822, 825 (Colo. 1994) (absence of defense counsel at critical stage); see Snyder v. Massachusetts, 291 U.S. 97, 105-06 (1934) (A defendant has a due process right âto be present in his own person whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge.â); see also Wedel v. State, 761 S.E.2d 454, 458 (Ga. Ct. App. 2014) (â[A] critical stage in a criminal prosecution is one which a defendantâs rights might be lost, defenses waived, privileges claimed or waived, or one in which the outcome of the case is substantially affected in some way.â).


 
 Â¶23Â Â Â Â Â Â Â  We review allegations of a denial of the right to be present at a critical stage under the constitutional harmless error standard. Key, 865 P.2d at 826; Luu, 841 P.2d at 274. Thus, âwe reverse if âthere is a reasonable possibility that the [error] might have contributed to the conviction.ââ Hagos v. People, 2012 CO 63, Â¶11 (quoting Chapman v. California, 386 U.S. 18, 24 (1967) (emphasis omitted)). Furthermore, âthe State bears the burden of proving the error was harmless beyond a reasonable doubt.â Id.
 
 Â¶24Â Â Â Â Â Â Â  Without knowing what communication occurred between counsel and the court, defendantâs absence created a risk that his right to a fair trial was impaired. His inability to hear the discussion between his counsel and the court, and the courtâs subsequent immediate grant of counselâs motion to withdraw, convinces us that the proceeding in chambers was âcriticalâ and that defendantâs absence was not harmless beyond a reasonable doubt. Cf. People v. Delgadillo, 2012 COA 33, Â¶Â¶39-40 (in camera proceeding was critical stage for which conflict-free counsel was necessary); Ragusa, 220 P.3d at 1009 (same). Thus, reversal is required on this ground as well.
 
 IV. ConclusionÂ 


 Â¶25Â Â Â Â Â Â Â  We need not address defendantâs other assertions of error because they are unlikely to arise again on remand.

 Â¶26Â Â Â Â Â Â Â  The judgment of conviction is reversed, defendantâs sentence is vacated, and his case is remanded for a new trial. JUDGE WEBB and JUDGE PLANK concur.


 [1] We reject the Peopleâs contention that any error by the trial court should be reviewed for plain error because defendantâs objection gave âno indication the objection was based on his right to counsel of choice.â Because defendantâs attorney was requesting withdrawal, defendant was placed in the untenable position of having counsel but essentially representing himself. Under these circumstances, we believe the defendantâs objection sufficiently alerted the trial court to his concern that counsel of his choice was at issue. See, e.g., People v. Pahl, 169 P.3d 169, 183 (Colo. App. 2006) (An issue is preserved where objection sufficiently alerts âthe trial court to a particular issue in order to give the court an opportunity to correct any error.â).




These opinions are not final. They may be modified, changed or withdrawn in accordance with Rules 40 and 49 of the Colorado Appellate Rules. Changes to or modifications of these opinions resulting from any action taken by the Court of Appeals or the Supreme Court are not incorporated here. 



Colorado Court of Appeals Opinions || July 16, 2015


Back